THE PHŒNIX BANK OF THE CITY OF NEW YORK, Respondent, *v.* EZEKIEL J. DONNELL, Appellant.

Where, in an action by an incorporated bank, the complaint contained no allegation that the plaintiff *was* a corporation, or entitled to sue as such— *Held* good on demurrer interposed upon the grounds, 1st, that it appeared, from the pleading, that the plaintiff had not legal capacity to sue; and, 2d, that it did not contain facts constituting a cause of action (WOODRUFF and JAMES, JJ., dissenting).

To sustain a demurrer upon the first ground, it must appear affirmatively upon the face of the complaint that the plaintiff has *not* legal capacity to sue.

As to the second ground, it has no applicability to the capacity of the plaintiff to sue. It is well taken only where the facts, stated *as the cause of action*, fail to show one.

(Argued April 1st, 1869, and decided June 12th, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court in the first district affirming a judgment in favor of the plaintiff on demurrer to the complaint.

The following are copies of the pleadings :

SUPREME COURT—CITY AND COUNTY OF NEW YORK

| | |
|---|---|
| THE PHŒNIX BANK OF THE CITY OF NEW YORK, Plaintiffs, *against* EZEKIEL J. DONNELL, Defendant. | *Complaint.* |

The Phœnix Bank of the city of New York, plaintiffs in the above entitled action, respectfully show to the Supreme Court: That the said defendant, Ezekiel J. Donnell, heretofore, on or about the 23d day of May, in the year 1862, at said city of New York, made his certain promissory note in writing, bearing date on the day and year, and at the place aforesaid, wherein and whereby he promised to pay, sixty days after the date thereof, to the order of certain persons trading and doing business at said city, under their partnership name or firm of McCready & Armour, $1,782, at the office of said defendant, No. 49 Broad street, meaning thereby No. 49 Broad street, in said city, for value received from them, and then and there delivered said note to said payees, partners as aforesaid, who afterwards, and before the maturity of said note, indorsed the same in writing by their said partnership name, and delivered it so indorsed. That said note, so indorsed as aforesaid, was afterwards and before the maturity thereof, transferred and delivered to these plaintiffs. That said note was afterwards, and when the same became due and payable, presented to and at

said No. 49 Broad street to said defendant for payment, and payment thereof demanded and refused; yet the said defendant has not paid the said note, nor any part thereof, and he is justly indebted to said plaintiffs therein, in the sum of $1,782, together with interest on said principal sum, from the 25th day of July, in said year.

Wherefore said plaintiffs pray judgment against said defendant for the aforesaid sum of money and interest, together with costs of this action.

EDGAR S. VAN WINKLE,
*Plaintiff's Attorney.*

---

### NEW YORK SUPREME COURT.

THE PHŒNIX BANK OF THE CITY OF NEW YORK,
*vs.*
EZEKIEL J. DONNELL.

The defendant demurs to the complaint herein, and states, as the grounds for his demurrer:

1. That it appears by the complaint that the plaintiff has not legal capacity to sue.

2. That it does not appear that the plaintiff is a corporation duly incorporated, and entitled to sue.

And for a further and separate ground of demurrer to said complaint, this defendant states:

That the complaint does not state facts sufficient to constitute a cause of action.

CUMMINS, ALEXANDER & GREEN,
20 Exchange Place, New York City.

*James S. L. Cummins*, for appellant.

*Edgar S. Van Winkle*, for respondent.

GROVER, J. Section 114 of the Code provides that the defendant may demur to the complaint, when it shall appear upon the face thereof that there is one or more of six speci-

fied defects therein. It is settled that these are the only grounds upon which a demurrer to the complaint can be sustained. The counsel for the appellant relies in the present case upon the second and sixth, principally upon the second, for the reason that the complaint contains no allegation that the plaintiff is a corporation, insisting that unless it is such, it has no capacity to sue in that character. In this position the counsel is correct; but does the argument show that the demurrer is well taken? All that the argument proves, is that the complaint does not show upon its face, affirmatively, that the plaintiff has capacity to sue. But to sustain the demurrer, the Code requires that it should appear upon its face, that it had not such capacity, which in no respect appears. For aught appearing upon the face of the complaint, the plaintiff may be a corporation entitled to sue as such. Section 147 provides, that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer. This would seem to indicate the proper practice with sufficient clearness. If it appears upon the face of the complaint, that a plaintiff suing as a corporation is not such in fact, a demurrer is the proper remedy of the defendant under section 144. If the complaint does not show that the plaintiff is not a corporation on its face, the objection that it is not such must be taken by answer, under section 147. This would seem to render further discussion of the question unnecessary. Upon looking into the authorities, some conflict will be found. The counsel for the appellant cites a number of cases, holding that allegations showing that plaintiff is a corporation are necessary in the complaint. Most of these are cases arising under the system of pleadings in use prior to the enactment of the Code. Under that system, although cases may be found intimating a contrary doctrine, yet the decided weight of authority is that such averments were necessary, and that the want thereof could be taken advantage of by demurrer. But these authorities have no application to the question under the Code. There are a few cases in which similar

opinions have been expressed since the Code. (*Stoddard* v. *The Onondaga Annual Conference*, 12 Barb., 573; *Elizabethport Manufacturing Company* v. *Campbell*, 13 Abb., 86.) In some cases the contrary has been held. (*Union Insurance Company* v. *Osgood*, 1 Duer., 107; *Kennedy* v. *Colton*, 28 Barb., 59.) In *Bank of Havana* v. *Magee*, DENIO, J., in giving the opinion of the court, speaking of a complaint precisely like that in the present case in this respect, says : But there was not here any defect on the face of the complaint. For aught that appeared, the plaintiff was a corporate body. This indicates clearly the view of the learned judge upon the point under consideration, although it was not directly involved in that case. The weight of authority under the Code is against sustaining the demurrer upon this ground.

The appellant's counsel insists that if the demurrer is not sustainable upon the second ground specified in section 144, it is upon the sixth. In this, the counsel is in error That relates only to the statement of facts constituting the cause of action. If this statement fails to show a right of action, then a demurrer on this ground may be interposed But it has no application to the capacity of the plaintiff to sue or to the other grounds of demurrer specified. Each of these are to be determined by itself in like manner as were the grounds of a special demurrer under the former practice. The judgment appealed from must be affirmed with costs.

HUNT, Ch. J., MASON, LOTT and DANIELS, JJ., concurred with GROVER, J., for affirmance.

WOODRUFF, J., thought that legislation, either special or general, was necessary always to give an artificial body authority to sue. And therefore, where there is no allegation of incorporation in an action by such a body, in the complaint, there does appear on the face of the pleading substantially a want of capacity to sue. He was therefore for reversal.

JAMES, J., was for reversal upon the same ground.

Judgment affirmed.