## SUPREME COURT.

SECOND NATIONAL BANK OF UTICA agt. WILLIAM WELLS, impleaded.

*Complaint by corporation — answer — demurrer.*

In an action by an incorporated bank, where the complaint contains no allegation that the plaintiff is a corporation, or entitled to sue as such, the objection is properly taken by answer.

A demurrer can only be interposed where it affirmatively appears upon the face of the complaint that the plaintiff has *not* legal capacity to sue.

*At Chambers, June,* 1877.

MOTION for judgment upon answer alleged to be frivolous. The action was upon a promissory note owned by the plaintiff. The complaint did not allege that the plaintiff was an incorporation. The answer was substantially as follows: "First. That said plaintiff ought not to have or maintain this action against this defendant for the reason that said complaint does not show that said plaintiff is an individual or a corporation, or that said plaintiff has any legal capacity to sue, and this objection is taken by answer and not by demurrer for the reason that said complaint does not show on its face affirmatively that said plaintiff has legal capacity to sue. Second. Said defendant, impleaded as aforesaid, denies that said plaintiff is an individual or a corporation created by or under statute of this state."

*E. Fink,* for plaintiff.

*R. Carroll,* for defendant.

National Bank of Utica agt. Wells.

HARDIN, *J.* — The complaint does not allege that the plaintiff is a corporation having legal capacity to sue. It does not allege that it is incorporated under the laws of this state. Therefore, section 3 (2 *R. S.* [*Edm. ed.*], 477) does not apply. The objection can not be taken by demurrer, because the court of appeals have so held in *The Phœnix Bank* agt. *Donnell* (40 *N. Y.*, 410). The complaint can only prove what it alleges, no allegations being inserted that it has legal capacity to sue. Therefore, no proof of that fact could be given. The objection by answer is proper, and therefore the answer cannot be held to be frivolous. The motion must be denied, with ten dollars costs to defendant.