[No. 6,712.—In Bank.]
April 7, 1882.

SWAMP AND OVERFLOWED LAND DISTRICT No. 110 IN AND FOR SAN JOAQUIN COUNTY v. CHRISTIAN FECK ET AL.

| 60 | 403 |
| 80 | 260 |
| 60 | 403 |
| 87 | 459 |
| 60 | 403 |
| 116 | 367 |
| 60 | 403 |
| 123 | 239 |
| 60 | 403 |
| f146 | 182 |
| 60 | 403 |
| f146 | 183 |

DEMURRER—COMPLAINT—CAPACITY TO SUE.—The objection that it does not appear from the complaint, that the plaintiff was ever duly created a swamp and overflowed land district, goes to the legal capacity of the plaintiff to sue, and not to the sufficiency of the facts stated to constitute a cause of action.

ID.—ID.—ID.—ANSWER.—It is not a good ground of demurrer that it does not appear in the complaint that the plaintiff had the legal capacity to sue. The omission can only be taken advantage of by answer.

SWAMP LAND ASSESSMENT—RECLAMATION—JOINDER OF ACTIONS.—Two assessments for reclamation purposes in a swamp land district made on the same land at different times may be recovered in the same action.

ID.—ID.—CASE DISTINGUISHED.—Dyer v. Barstow, 50 Cal. 652, is not a parallel case.

Iᴅ.—Iᴅ.—Estimate of Work.—Neither the Board of Trustees of a swamp land district, nor its engineer, has authority to include in its estimate of the cost of work necessary for reclamation the value of work done before the Board had any existence.

Iᴅ.—Iᴅ.—Iᴅ.—By-law.—A by-law providing that the value of work already done should be included in such estimate is inconsistent with the provisions of the Code upon the subject.

Appeal from a judgment for the defendants, Christian Feck and The Stockton Building and Loan Association, in the Fifth District Court of the County of San Joaquin.

*Vincent Neale,* for Appellant.

The first cause of demurrer attacks the creation of the plaintiff corporation collaterally. Plaintiff sues as a corporation *de facto,* and whether or no it be a corporation *de jure* cannot be inquired into by the defendants. The second cause alleged for demurrer is that there have been improperly united two causes of action to enforce liens for two assessments made on the same land at different times. This is the ground upon which the Court below sustained the demurrer, and was the only ground seriously urged on the argument. It cannot be said, that these two assessments are separate transactions; they are rather one single transaction, portions of which arise prior to the rest.

*W. L. Dudley* and *Byers & Elliott,* for Respondents.

Two assessments cannot be united in one action. (*Dyer* v. *Barstow,* 50 Cal. 652.) The Board of Supervisors had no jurisdiction to assess for work done before any plans were submitted. It does not appear that the petition set forth facts sufficient to give the Supervisors jurisdiction to form a Swamp Land District. Nor does it appear that the petition was recorded by the County Recorder, or that the Register ever received a certified copy of the petition, or that the Register forwarded a statement to the Treasurer. (P. C. §§ 3446, 3449, 3450 and 3451.)

Sharpstein, J.:

The complaint in this action is entitled, "In the District Court," etc., "Swamp and Overflowed Land Reclamation District, No. 110, of the State of California, in and for San

Joaquin County, plaintiff, *v.* Christian Feck, the Stockton Building and Loan Association, John Doe and Richard Roe, defendants."

The first statement in the complaint is that "the plaintiff, a corporation duly formed, organized and created under and by virtue of the law of the State of California,    *    *    * for cause of action alleges." This statement is followed by a statement of the cause of action. The defendants demurred to the complaint. The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The objections specified are in substance that it does not appear from the complaint that the plaintiff was ever duly created a swamp and overflowed land district. That objection, however, if well taken, would go to the legal capacity of the plaintiff to sue, and not to the sufficiency of the facts stated to constitute a cause of action. (The *Phœnix Bank* v. *Donnell*, 40 N. Y. 410.) A demurrer on the ground that the plaintiff has not the legal capacity to sue, would be bad, because it does not appear upon the face of the complaint that the plaintiff has not. It is not a good ground of demurrer that it does not appear in the complaint that the plaintiff has the legal capacity to sue. That omission can only be taken advantage of by answer. (C. C. P. § 432; *The Phœnix Bank* v. *Donnell*, *supra.*)

Another ground of demurrer specified is, that several causes of action have been improperly united, to wit : Two causes of action to enforce liens for two assessments made on the same land at different times. The first assessment was based upon an estimate of the probable expense of the work which it had been resolved to do. The amount of money raised by that assessment was exhausted before the completion of the work. Another estimate of the amount required to complete the work was made, and a supplemental assessment, for which the law provides, was made to cover the expense of completing the work. If there be any reason why these two assessments cannot be recovered in the same action, it has not been brought to our attention. And unless there be some substantial reason for not uniting them in one action, they should be so united, in order to avoid a multiplicity of actions. *Dyer* v. *Barstow*, 50 Cal. 652, is not a parallel case.

But the complaint shows that some part of the assessments is for work done before the Board of Trustees was elected, and consequently before any engineers could have been employed "to survey, plan, locate and estimate the cost of the work necessary for reclamation," etc.

We do not think that the Board of Trustees or its engineer had any authority to estimate the value or cost of work which had been done before the Board had any existence. It was the cost of the work necessary to be afterwards done for reclamation that the engineer was to estimate and the Board of Trustees to report to the Board of Supervisors. Work which had been previously done should not have been included in an estimate of the cost of work which it was necessary to do for reclamation. And if not it is quite clear that the Commissioners were not authorized to assess upon the lands situated within the district a charge for work done before any Board of Trustees had been appointed.

It is true that there was a by-law adopted which provided for such an assessment, but the Code as we read it does not leave this matter to be regulated by a by-law, and the one relied upon is inconsistent, we think, with the provisions of the Code upon the same subject.

Judgment affirmed.

McKINSTRY, THORNTON, McKEE, and ROSS, JJ. concurred.