[No. 12199.   Department One. — July 31, 1890.]

W. H. BEARDSLEY, ASSIGNEE, ETC., APPELLANT, *v.*
FRANK FRAME ET AL., RESPONDENTS.

ASSIGNMENT FOR BENEFIT OF CREDITORS — OMISSION FROM INVENTORY. — If
the debtor, in bad faith, omits some of his debts and property from the
inventory, the assignment is void.

APPEAL from a judgment of the Superior Court of Del
Norte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*L. F. Coburn,* and *Sawyer & Burnett,* for Appellant.

*Lucas & Miller,* for Respondents.

HAYNE, C. — This was an action against a constable
and the sureties on his official bond for damages for the
seizure of certain personal property claimed by the
plaintiff as assignee for the benefit of creditors of one
Wicktor Ohlson. The defendants had a verdict and
judgment, and the plaintiff appeals.

The defendant justified under two writs of execution,
one of which was in favor of one Hazletine, and the
other of one Hobbs. The proceedings in Hazletine's
suit were ruled out, but the proceedings in the Hobbs
suit were admitted, and we think properly so. The ob-
jection made to them is, that there was no proof of the
judgment. But the justice's docket, containing a minute
of the judgment, was read, and this was sufficient evi-
dence of the judgment. (Code Civ. Proc., secs. 911, 912.)
And if the constable acted under execution upon a valid
judgment, it was a sufficient justification, and shows that
he was not a trespasser. So far as this action is con-
cerned, therefore, it does not matter that the Hazletine
judgment was ruled out.

But it is contended that, at the time the Hobbs judg-
ment was rendered, the judgment debtor had already

assigned his property to the plaintiff; and this brings up the question of the validity of the assignment.  It must be assumed, in support of the verdict, that the jury found that it was not valid; and we are unable to say, upon the record before us, that this finding can be disturbed.

In the first place, it is questionable whether the purpose for which the assignment was made is one sanctioned by law.  The statute provides that "an assignment for the benefit of creditors is void against any creditor of the assignor not assenting thereto. . . . . 5. If it confer upon the assignee any power which, if exercised, might prevent or delay the immediate conversion of the assigned property to the purposes of the trust."  (Civ. Code, sec. 3457.)  And the deed of assignment provides, among other things, that the assignee shall "run the saw and stave mill belonging to the said party of the first part, and to saw lumber and staves, employing men to do so, and to sell the same, shipping the same to San Francisco, or otherwise, as to the trustee shall seem best, and after paying the necessary expenses therefor, to apply the balance of the receipts arising from said sales to the payment of all of the said debts then due," etc.

But there is some evidence tending to show that Hobbs consented to the assignment, although he did not sign the deed, as most of the other creditors did; and therefore we do not rest our opinion upon this ground.

We think, however, that no sufficient inventory was filed.  The statute provides that the debtor must file an inventory specifying "all the creditors of the assignor," and "the sum owing to each creditor" (Civ. Code, sec. 3461); and that unless such an inventory, or a specified substitute, of which there is no question here, be filed, the assignment shall be void.  (Civ. Code, sec. 3465.)  The answer set up the fact that the inventory filed was "false and untrue," in that it omitted debts due to Hazletine and Hobbs.  The debt of Hobbs was omitted altogether from the inventory, and while the name of Hazletine

appears there, the evidence shows that part of the sum due to him was omitted. The evidence also showed that a debt was due to Snow and Lane, of three hundred dollars, which does not appear on the inventory. And the debtor himself said, when the inventory was presented to him, "I do not see all of my creditors."

The statute further provides that the inventory shall contain a list of all the property, of every kind, not exempt from execution, etc. (see sec. 3461, subd. 7); and there is evidence tending to show that some of the debtor's property was omitted from the list.

These omissions of debts and property are not merely trivial matters, but are matters of substance; and if it be assumed that they were made "in good faith," it is open to question whether the assignee can claim that he stands in the same position as if the statute had been complied with. But however this may be, it must be assumed, from the verdict, that the jury did not believe that the omissions were made in good faith; and we cannot say, upon the evidence, that this finding was unwarranted, there being some evidence of tampering with the inventory after it was filed, which, if it be assumed to be true, as it must at this stage of the proceedings, tended to cast suspicion over the whole transaction.

In the view we have taken, the other questions are immaterial. It is proper to add, however, that if Hazletine has a valid judgment, it might affect certain questions as to the distribution of the proceeds of the execution sale, but would not be material here.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.