[No. 13495.   In Bank. — January 6, 1891.]

## R. E. WILHOIT ET AL., ASSIGNEES, APPELLANTS, *v.* THOMAS CUNNINGHAM ET AL., RESPONDENTS.

| 87 | 453 |
| 98 | 412 |
| 87 | 453 |
| 116 | 367 |
| 87 | 453 |
| 123 | 239 |
| 87 | 453 |
| 146 | 182 |

ASSIGNMENT FOR BENEFIT OF CREDITORS — TRUSTS. — A deed of assignment for the benefit of creditors is controlled by the provisions of the Civil Code relative to trusts, and operates to divest the assignor of his entire interest and estate in the property assigned, and to vest the same in the assignees, subject to the rights of the assignor to a reconveyance of any residue remaining undisposed of after the creditors are satisfied, or to payment of the surplus proceeds of sales of the property.

ID. — RIGHTS OF INSOLVENT AND CREDITORS. — An insolvent may in good faith make an assignment for the benefit of creditors with or without their consent, and the creditors must either avail themselves of the assets without preference, or not at all.

ID. — EXECUTION SALE OF ASSIGNED PROPERTY — CLOUD ON TITLE — INJUNCTION. — A creditor whose claims were subsisting credits upon which action had been commenced at the time of the assignment, and who assented thereto, cannot sell any of the assigned property on execution, and such sale may be enjoined as casting a cloud upon the title of the assignees, though the judgments were obtained subsequent to the assignment.

ID. — ATTACHMENT — DISSOLUTION — INSOLVENCY — DISMISSAL. — An attachment levied within one month prior to the filing of a petition in insolvency by the debtor is dissolved by operation of law, and will not justify a sale under execution after dismissal of the insolvency proceedings, and after a subsequent assignment by the insolvent for the benefit of his creditors.

PLEADING — IMPLICATION OF LAW. — That which is implied by law need not be pleaded.

ID. — DEMURRER — AMBIGUITY AND UNCERTAINTY — CONJUNCTIVE STATEMENT OF GROUNDS. — Ambiguity and uncertainty are separate grounds of demurrer, and where such separate grounds are conjoined, the pleading must be defective on each ground, or the demurrer must be overruled.

ID. — WANT OF CAPACITY TO SUE. — A demurrer for want of capacity of the plaintiff to sue only lies where the complaint shows the want of capacity upon its face, and it is not a ground of demurrer that it does not appear in the complaint that the plaintiff has legal capacity to sue. That omission can only be taken advantage of by answer.

ID. — CAPACITY OF ASSIGNEES — AFFIDAVIT TO INVENTORY — ANSWER. — The fact that a complaint by assignees for the benefit of creditors which alleges a valid assignment, and that plaintiffs accepted the trust and duly qualified as such assignees, omits to further allege that the affidavit required by section 3462 of the Civil Code was attached to and filed with the inventory, will not render the complaint demurrable for want of capacity of the plaintiffs to sue, but the omission of such affidavit must be set up in the answer.

Appeal from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*J. C. Campbell,* for Appellants.

*Carter & Smith,* for Respondents.

Gibson, C.—This is an appeal by the plaintiffs from a final judgment entered against them upon defendants' demurrer to their complaint praying that defendants be enjoined from selling the realty in controversy under certain writs of execution.

It appears by the complaint that Ella Averill, on the sixth day of October, 1885, commenced two separate actions in the superior court of San Joaquin County against M. E. Bryant to recover of him the amounts due upon two promissory notes, and on the same day caused a writ of attachment to issue in each action, and be levied upon certain real estate then belonging to Bryant; that thereafter, on the thirty-first day of the same month, Bryant was by and in the same court adjudged an insolvent debtor, against whom the said creditor, Averill, on the twenty-seventh day of the same month, proved her several claims, including the two promissory notes above mentioned; that on or about the thirtieth day of January, 1886, by the consent of defendant Averill, as such creditor, and all the other creditors, the insolvency proceedings were by an order of the court duly dismissed; that on the sixteenth day of February, 1886, Bryant being still insolvent, at the request of defendant Averill, and his other creditors, executed and delivered to plaintiffs a deed of assignment of all his property not exempt from execution, for the benefit of his creditors, pursuant to division 4, part 2, title 3, of the Civil Code, which deed embraced the real estate levied upon by the writs of attachment above mentioned; that the plaintiffs, as such

assignees, accepted the trust, and in due time qualified as required by law, and entered upon, and still continue in the discharge of the duties of the said trust; that the said deed and a proper inventory were duly filed for record; that defendant Averill assented to the execution and delivery of the deed of assignment to the plaintiffs, and also to the acceptance, by plaintiffs, of the trust thus created; that since the said trust was created, the plaintiffs have been the owners and in the possession of the real estate in controversy, in trust for the benefit of all of the creditors of Bryant, including the defendant Averill; that prior to the execution of said deed, the levies under the writs of attachment above mentioned were dissolved; that on the twenty-first day of September, 1887, in the superior court aforesaid, the defendant Averill obtained a judgment in her favor in each of the suits upon the promissory notes, and caused a writ of execution, regular in form, to issue in each case, and to be placed in the hands of her co-defendant, Cunningham, as sheriff of San Joaquin County, for service; that the said sheriff has by virtue of said writs of execution levied upon and threatens to, and unless restrained by injunction will, sell the real estate in question, and thereby cast a cloud upon the plaintiffs' title thereto, which will prevent them from executing their trust expeditiously and with advantage to the creditors of Bryant; that the said execution levies were made for the express purpose of hindering the plaintiffs from executing their trust.

The grounds of demurrer are:—1. Insufficiency of the facts stated to constitute a cause of action. 2. Ambiguity *and* uncertainty of the facts in certain specified particulars. 3. Incapacity of the plaintiffs to sue, because it does not appear that the inventory was verified, as required by section 3462 of the Civil Code.

1. In support of the first ground of demurrer, the respondents contend that the assignor still retains an equitable interest in the land in controversy, which was

included in the deed of assignment, and that it is subject to sale upon execution. But this argument does not apply to the facts. The allegation is, that the defendant Cunningham, as sheriff, has levied upon and threatens to sell, not only the assignor's equitable interest in the residuum of the property assigned, but the whole of the property itself, thereby including the assignees' legal title thereto, as well as the equitable interest of the assignors in the residuum, if there should be any.

The deed of assignment is controlled by the provisions of the Civil Code relative to trusts. (Civ. Code, sec. 3449.) Those provisions, so far as applicable here, are as follows:—

"Sec. 863. Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust.

"Sec. 864. Notwithstanding anything contained in the last section, the author of a trust may, in its creation, prescribe to whom the real property to which the trust relates shall belong, in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust."

The trust created by the deed of assignment here relates to real property, and was expressly created for the benefit of the creditors of the assignor. There was no reservation in it of any estate or interest to the assignor except that authorized by section 864 of the Civil Code, wherein the assignor provides that the residuum left after his creditors are satisfied shall be returned to him, his executors, administrators, or assigns. No other estate or interest could be reserved in a trust of this character. (Civ. Code, sec. 3457, subd. 4.) The effect of the deed, then, was to divest the assignor of his entire interest and estate in the property assigned, subject to

the right to a reconveyance of any residue remaining undisposed of after the creditors are satisfied, or payment of the surplus of the proceeds of the sales of the property.

This is in accordance with the weight of authority in other jurisdictions, as shown in Burrill on Assignments, 5th ed., sec. 298.

Under our law as declared in the Civil Code, an insolvent may, in good faith, make an assignment for the benefit of his creditors, with or without the consent of the latter; and when such an assignment is made, the creditors must either avail themselves of the assets without preference (section 3457), or not at all.

The object of the law is to enable a debtor, through his assignee, to dispose of his property for the benefit of his creditors. This object would be defeated if one of the creditors could ignore the assignment, and sell the property to satisfy his particular claim. Such a sale would, if it could be made, deprive the assignees of the property; or if it would not, still the sale would cloud the title of the assignees, because in any action they might have to prosecute for the removal of the cloud so cast, the evidence of the purchaser's title would show that such latter title was derived from the assignor, to overcome which the assignees would have to prove that the judgments were obtained in actions commenced before the deed of assignment was made upon debts covered and provided for by the deed of assignment. (*Pixley* v. *Huggins*, 15 Cal. 137; *Porter* v. *Pico*, 55 Cal. 165; *Roth* v. *Insley*, 86 Cal. 134.)   Such a cloud, it is evident, would prevent them from disposing of the property to the advantage of the creditors in the performance of their trust.

The respondents further contend that the threatened sales, if made, would not cast a cloud upon the assignees' title to the property, inasmuch as the judgments upon which the executions were issued were obtained subse-

,quent to the assignment, and therefore all that could pass under the sales would be the equitable interest of the assignor in the residuum of the property assigned.

But the facts here show that the actions in which she obtained her several judgments were begun upon subsisting credits before the assignment was made, and that as such a creditor she assented to the assignment. Therefore she is one of the creditors for whose benefit the assignment was made, and, as such, must take her proportionate share with the other creditors. Besides, as already shown, the execution levies were not restricted to the equitable interest of the assignor in the residuum, but were made upon the whole property.

It is further claimed by the appellants that as the complaint shows that defendant Averill acquired a lien by attachment in each of the actions in which she obtained her judgments, above mentioned, before the assignment was made, and as it does not appear that those attachments were dissolved, the liens so acquired became merged in the judgments, and in consequence she is entitled to sell the realty in question to satisfy such judgments. But it is distinctly alleged that those attachments were dissolved, but the date is not stated. If, however, the absence of the date renders it insufficient, it appears, from the allegations respecting the insolvency proceedings which preceded the assignment, and which are pleaded as matters of inducement, that the attachments were levied within one month prior to Bryant filing his petition in insolvency. Since this is so, the attachments became dissolved by operation of law. (Insolvent Act of 1880, sec. 17.) And that which is implied by law need not be pleaded. (*Kraner* v. *Halsey,* 82 Cal. 209.)

2. The second ground of demurrer is in the conjunctive; that is, that the complaint is ambiguous *and* uncertain. These are made separate grounds of demurrer by subdivision 7 of section 430 of the Code of Civil Procedure. And in the case of *Kraner* v. *Halsey,* 82 Cal.

209, it was held that where such separate grounds of demurrer are conjoined, the complaint must be defective on each, or the demurrer must be overruled. There the complaint was held to be neither ambiguous nor unintelligible, but uncertain in several particulars, and the demurrer upon the ground of ambiguity, unintelligibility, *and* uncertainty not sustainable.

. In this case we do not think the complaint is ambiguous. There is but one respect in which it may be said to be so, and that is wherein it is stated that the defendant Averill, as a creditor, proved her claim in the insolvency proceedings several days before Bryant was adjudged an insolvent. But as those proceedings were dismissed, this allegation is immaterial. The complaint is uncertain with regard to dates, as in *Kraner* v. *Halsey*, 82 Cal. 209, as well as in several other respects; but as it is not both ambiguous and uncertain, it comes within the rule of that case.

3. As to the capacity of the plaintiffs to maintain this action as assignees, it is urged that as it does not appear from the complaint that the affidavit required by section 3462 of the Civil Code was attached to and filed with the inventory, the assignment in consequence was void, and the plaintiffs are therefore without legal capacity to sue.

In the case of *District No. 110* v. *Feck*, 60 Cal. 405, this court said: " The defendants demurred to the complaint. The first ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The objections specified are, in substance, that it does not appear from the complaint that the plaintiff was ever duly created a swamp and overflowed land district. That objection, however, if well taken, would go to the legal capacity of the plaintiff to sue, and not to the sufficiency of the facts stated to constitute a cause of action. (*Phœnix Bank* v. *Donnell*, 40 N. Y. 410.) A demurrer on the ground that plaintiff has not the legal capacity to sue would be bad, because it does

not appear upon the face of the complaint that the plaintiff has not.   It is not a good ground of demurrer that it does not appear in the complaint that the plaintiff has the legal capacity to sue.   That omission can only be taken advantage of by answer."   (Code Civ. Proc., sec. 433; *Phœnix Bank* v. *Donnell*, 40 N. Y. 410.   See also *Miller* v. *Luco*, 80 Cal. 257.)

In the present case it appears by sufficient allegations, the defect not having been specially pointed out under the first ground of demurrer, that Bryant made a valid assignment for the benefit of his creditors, and that the plaintiffs, as assignees thereunder, accepted the trust, and duly qualified as such assignees.   It therefore appears affirmatively that the plaintiffs have the legal capacity to sue.   And if it be a fact that the affidavit, which seems to be essential to the validity of the assignment (Civ. Code, secs. 3461–3463, 3465; *Beardsley* v. *Frame*, 85 Cal. 134), was omitted, then, under the rule applied in *District No. 110* v. *Feck*, 60 Cal. 405, such omission must be set up in the answer, because it does not affirmatively appear upon the face of the complaint that such affidavit was omitted.

We therefore advise that the judgment be reversed, with instructions to the trial court to overrule the demurrer to the complaint, and grant defendants leave to answer within the usual time.

Vanclief, C., and Belcher, C. C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is reversed, with instructions to the trial court to overrule the demurrer to the complaint, and grant defendants leave to answer within the usual time.