[L. A. No. 1312.    Department Two.—February 2, 1905.]

## LOS ANGELES RAILWAY COMPANY, Respondent, v. JAMES M. DAVIS et al., Appellants.

ACTION TO QUIET TITLE—PLEADING—CORPORATION—CAPACITY TO SUE—DEMURRER.—In an action by a corporation to quiet title to land the failure to aver in the complaint that the plaintiff is a corporation is not available either upon general demurrer for want of cause

of action or upon special demurrer for want of capacity of the plaintiff to sue, as such want does not affirmatively appear upon the face of the complaint. The non-existence of a corporation goes only to its want of capacity to sue, and can only be raised by answer when the complaint does not affirmatively show it.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

F. G. Hentig, and T. M. Stewart, for Appellants.

Bicknell, Gibson & Trask, for Respondent.

McFARLAND, J.—This is an action to quiet title to certain land. Defendants demurred to the complaint upon the general ground that it does not state facts sufficient to constitute a cause of action—no other ground of demurrer being stated. The demurrer was overruled. Defendants then answered, denying plaintiff's title to the land, and setting up title in themselves. The court found for the plaintiff and rendered judgment accordingly. Defendants appealed from the judgment upon the judgment-roll.

The only point made by appellants for a reversal is, that the complaint does not contain an averment that plaintiff is a corporation. The fact as to this contention is, that while in the title of the case as it appears at the commencement of the complaint the plaintiff is designated as "a corporation," there is no averment in the body of the complaint of plaintiff's corporate existence. The court found that plaintiff was a corporation.

Waiving other questions discussed by counsel, we are satisfied that the point sought to be made by appellants is not raised by the general demurrer. The point that plaintiff was not a corporation goes only to its capacity to maintain an action, and not to the sufficiency of the facts averred to constitute the alleged cause of action; and therefore it could be raised by demurrer to the complaint only under subdivision 2 of section 430 of the Code of Civil Procedure, which provides as a cause of demurrer "that plaintiff has not legal capacity to sue"— and then only where said want of capacity "appears on the face" of the complaint. If it does not so appear,

the objection must be taken by answer pursuant to section 433.

There are some authorities which appear to support appellants' contention, and the principal one cited by them is *Miller* v. *Pine Mining Co.,* 3 Idaho, 493;[1] but in the notes to the case the author of the work, after expressing his disapproval of the doctrine announced therein, cites a multitude of cases holding the other way. We will notice only the first case cited by the author,—*Phœnix Bank* v. *Donnell,* 40 N. Y. 410,—because it has more than once been referred to and approved by this court. In that case there was no averment in the complaint that the plaintiff was a corporation, and it is not even called a corporation in the title, and the demurrer there was upon the ground that it appeared that "plaintiff has no legal capacity to sue," and also upon the general ground that it did not state facts sufficient to constitute a cause of action. (Section 144 of the New York code is the same as section 430 of our code, and section 147 the same as our section 433.) The demurrer was overruled in the lower court and the judgment was affirmed in the court of appeals. As to the first ground of demurrer the court said: "All that the argument proves is, that the complaint does not show upon its face, affirmatively, that the plaintiff has capacity to sue. But to sustain the demurrer, the code requires that it should appear upon its face that it had not such capacity, which in no respect appears. For aught appearing upon the face of the complaint, the plaintiff may be a corporation entitled to sue as such. Section 147 provides, that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer. This would seem to indicate the proper practice with sufficient clearness. If it appears upon the face of the complaint that a plaintiff suing as a corporation is not such in fact, a demurrer is the proper remedy of the defendant under section 144. If the complaint does not show that the plaintiff is not a corporation on its face, the objection that it is not such must be taken by answer under section 147. This would seem to render further discussion of the question unnecessary." With respect to the second ground of demurrer in that case—which is the only ground

[1] 35 Am. St. Rep. 290.

in the case at bar—the court says: "The appellant's counsel insists that if the demurrer is not sustainable upon the second ground specified in section 144, it is upon the sixth. In this, the counsel is in error. That relates only to the statement of facts constituting the cause of action. If this statement fails to show a right of action, then a demurrer on this ground may be interposed. But it has no application to the capacity of the plaintiff to sue or to the other grounds of demurrer specified." This case was expressly approved, and the rule there stated declared to be right by this court in *Swamp etc. Land District No. 110* v. *Feck*, 60 Cal. 403. In that action the plaintiff was designated in the title of the case as "Swamp and Overflowed Land Reclamation District No. 110 of the State of California," but there was no averment in the complaint that plaintiff was ever a swamp and overflowed land district; and for this omission the complaint was demurred to because it did not state facts sufficient to constitute a cause of action. (There was also a second cause of demurrer that two separate causes of action had been improperly united.) The court said: "The first ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The objections specified are in substance that it does not appear from the complaint that the plaintiff was ever duly created a swamp and overflowed land district. That objection, however, if well taken, would go to the legal capacity of the plaintiff to sue, and not to the sufficiency of the facts stated to constitute a cause of action. (*Phœnix Bank* v. *Donnell*, 40 N. Y. 410.)" And the court, following the New York case, said further: "A demurrer on the ground that the plaintiff has not legal capacity to sue, would be bad, because it does not appear upon the face of the complaint that the plaintiff has not. It is not a good ground of demurrer that it does not appear in the complaint that the plaintiff has the legal capacity to sue. That omission can only be taken advantage of by answer. (Code Civ. Proc., sec. 432; *Phœnix Bank* v. *Donnell*, 40 N. Y. 410.)" In *Miller* v. *Luco*, 80 Cal. 257, the said case of *Swamp Land District* v. *Feck*, 60 Cal. 403, is expressly approved, and quotations made from it which refer to *Phœnix Bank* v. *Donnell*, 40 N. Y. 410; and the same thing occurs in *Wilhoit* v. *Cunningham*, 87 Cal. 458. Appellant cites as supporting a different rule *Oroville etc.*

*R. R. Co.* v. *Plumas County,* 37 Cal. 360; *Loup* v. *California Southern R. R. Co.,* 63 Cal. 97, and *People* v. *Central Pacific R. R. Co.,* 83 Cal. 395.  In the Oroville case the legal existence of the plaintiff as a corporation was denied in the answer, and no question as to the sufficiency of the complaint was involved.  In the Loup case the author of the leading opinion, after holding that the demurrer to the complaint ought to have been sustained for various other reasons, merely adds, as a sort of further assurance, that ''in the fourth count of the complaint there is no averment of the defendant's corporate existence''; but no one of the other justices concurred in that expression.  In *People* v. *Central Pacific R. R. Co.,* 83 Cal. 395, the writer of the main opinion, after holding that the demurrer to the complaint was properly sustained upon various grounds, which are elaborately discussed, does say that ''an averment of defendant's corporate existence is necessary in every count of the complaint against a corporation''—citing the Loup case; but there is no discussion of the question and no reference to the cases above referred to, where the question was directly before the court and expressly adjudicated, approving and restating the rule announced in *Phœnix Bank* v. *Donnell;* the sentence quoted was not necessary to the decision, and it cannot be taken as overruling those cases.  Moreover, *Wilhoit* v. *Cunningham,* 87 Cal. 458, was the latest declaration of the court on that subject.  And we are satisfied that in *Swamp Land District No. 110* v. *Feck,* 60 Cal. 403, and in the subsequent cases approving it, above cited, the rule is correctly declared.

Under the above views it is not necessary to consider respondent's discussion of ''aider by verdict'' and other points made by it.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.