amount.  The justice dismissed the complaint and rendered judgment in favor of the defendant upon his counterclaim for $95.

The giving of the judgment against the plaintiff is conceded to have been error, and the defendant consents that the judgment be modified by striking out the amount of recovery and rendering judgment in favor of the defendant upon the merits.  The dismissal of the complaint was, however, clearly error.  The sale was made to the defendant in March, 1905, and the goods were to be delivered to him, as before stated, in Brooklyn.  He received them shortly after, retained them, and, so far as appears by the record, made no complaint relative to the alleged defects until in July following.  Under such circumstances there was a question as to whether or not he did not waive any defects that might have existed in the goods at the time of their delivery.  Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831.  At most he could only recoup against the plaintiff's claim such damages as might be shown to have been created by reason of a breach of warranty on the part of the plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J. (concurring).  Apparently there were no defects, not visible upon ordinary inspection, in the goods when purchased in Arkansas, and no suggestion thereof to the plaintiff upon their arrival in Brooklyn.  Remonstrance after more than reasonable time and opportunity for inspection had passed was insufficient and a waiver by the vendee, who seems to have relied more upon the personal undertaking of the auctioneer than upon a guaranty by the vendor.

The judgment should be reversed and a new trial ordered.

---

(52 Misc. Rep. 538)

INDEPENDENT TREMBOWLER YOUNG MEN'S BENEV. ASS'N v. SOMACH.

(Supreme Court, Appellate Term.  February 11, 1907.)

1. TRIAL—DISMISSAL—FAILURE OF PROOF.

Where, in an action for breach of contract, there was no issue as to plaintiff's legal capacity to sue, it was not error to refuse to dismiss for plaintiff's failure to prove legal capacity to sue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 360.]

2. PARTIES—CAPACITY TO SUE—ANSWER.

Plaintiff's want of legal capacity to sue must be raised by answer, where it does not affirmatively appear from the pleadings that plaintiff had capacity to sue, as in that case the objection cannot be taken by demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 118.]

3. CORPORATIONS—CONTRACT—ACTIONS—OFFICERS—EVIDENCE.

In an action by a corporation on an oral contract, it was not error to receive oral evidence as to the official standing and authority of those who entered into the contract with defendant on plaintiff's behalf and in its name, since plaintiff, by suing for breach of the contract, ratified the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1736.]

4. DAMAGES—BREACH OF CONTRACT—EVIDENCE.

    Where, in an action for breach of a contract for the renting of a hall on a certain evening for a ball, there was no evidence that plaintiff attempted to secure another hall for the same night, nor that plaintiff had suffered more than nominal damages, with the exception of the sum deposited at the time the contract was made and the sum paid to watchers to warn people that the ball would not be held there that night, plaintiff was not entitled to recover more than nominal damages.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Independent Trembowler Young Men's Benevolent Association against Morris Somach. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Henry Kuntz, for appellant.

Louis M. Block, for respondent.

MacLEAN, J. Upon oral complaint the plaintiff claimed for breach of contract, and the defendant orally interposed a general denial, payment of breach of contract. There was, therefore, no issue as to the legal capacity of the plaintiff to sue, and the refusal of the trial justice to dismiss, upon motion by the defendant, for failure of the plaintiff to prove legal capacity, was not reversible error. The proper practice for the defendant was to interpose that objection by answer, as all that may be said is that it does not affirmatively appear from the pleadings that the plaintiff has capacity to sue, which would not be ground for demurrer. Phœnix Bank v. Donnell, 40 N. Y. 410.

Nor was it reversible error herein to receive oral testimony as to the official standing and authority of those who on behalf and in the name of the plaintiff entered into a contract with the defendant, because by suit upon that contract and for its breach the plaintiff has ratified and so authorized their acts. Wilmot v. Richardson, 4 Abb. Dec. 614; Shoninger v. Peabody, 57 Conn. 42, 47, 17 Atl. 278, 14 Am. St. Rep. 88.

The trial justice rendered judgment in favor of the plaintiff for $120 damages, $2 costs, and $15 extra costs; but the evidence of damage was insufficient. There is no evidence of any attempt by the plaintiff to secure another hall for the same night on which the defendant had contracted to furnish the hall of which he testified he was the lessee, no sufficient evidence to support the cost of printing testified to by the plaintiff, or proof that the printing was a total loss in consequence of the return in part of tickets sold for the evening recited in the contract; in a word, with the exception of the sum deposited at the time of the contract, and possibly the sum paid to watchers at the entrance to the hall of the defendant to warn people that the ball would not be held there that night, there was no evidence to warrant more than nominal damage for the breach of the contract herein. The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.