[Civ. No. 895.   First Appellate District.—March 9, 1912.]

REDDING GOLD & COPPER MINING COMPANY, a Corporation, and THOMAS GILBERT, Appellants, v. NATIONAL SURETY COMPANY, a Corporation, Respondent.

JUDGMENT BY DEFAULT—RULE AS TO VACATION—DISCRETION—REVIEW UPON APPEAL—QUESTION OF ABUSE.—The matter of setting aside defaults and vacating judgments entered thereon is very largely a matter of discretion to be liberally exercised by the trial court in furtherance of justice, and where the action of the trial court will result in a trial upon the merits, the appellate courts are very reluctant to interfere with the exercise of such discretion, and will only do so when it appears that there has been a plain abuse of discretion.   Nevertheless, where the appellate court is obliged to say that

the action of the trial court involves an abuse of discretion, it is the duty of the appellate court to reverse the action of the trial court.

ID.—VACATING DEFAULT JUDGMENT UNDER SECTION 473—SHOWING REQUIRED.—Where a default and judgment have been regularly entered against a litigant, such default and judgment cannot be set aside and vacated except upon a showing, under section 473 of the Code of Civil Procedure, that they were taken against him through his mistake, inadvertence, surprise, or excusable neglect.

ID.—CONTRARY SHOWING—FAILURE TO ANSWER OR OBTAIN EXTENSION AFTER NOTICE OF DEMURRER OVERRULED—INEXCUSABLE NEGLECT—ABSENCE OF SURPRISE.—Where there is nothing in the record to sustain the showing required, but it appearing that the defendant's attorney was served with a notice of the overruling of a demurrer to the complaint, he thereby had notice that the time within which the defendant could answer to the complaint was running against him, and in failing to take any action toward answering or getting more time to answer, the showing is one of inexcusable neglect. Neither could there be any surprise 'at the°judgment taken against him, in any legal sense.

ID.—UNTENABLE DEMURRER—GROUND NOT APPEARING UPON FACE OF COMPLAINT.—It cannot be claimed that the demurrer to the complaint was tenable in support of the order vacating the default and judgment, where it purported to raise the point of the want of capacity of a foreign corporation to sue under the law of this state, which did not appear upon the face of the complaint. Such demurrer was without merit, and was properly overruled.

APPEAL from an order of · the Superior Court of the City and County of San Francisco setting aside a default and judgment.   Frank Murasky, Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, for Appellants.

A. H. Jarman, Nat Schmulowitz, and Clarence Coonan, for Respondent.

HALL, J.—This is an appeal from an order setting aside a default and vacating the judgment entered against defendant upon such default.

The matter of setting aside defaults and vacating judgments entered thereon is very largely a matter of discretion, to be liberally exercised by the trial court in furtherance of justice, and where the action of the trial court will result in

a trial upon the merits the appellate courts are very reluctant to interfere with the exercise of such discretion, and will only do so when it clearly appears that there has been a plain abuse of discretion. (*O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004].)

Nevertheless cases do occur where the appellate court is obliged to say that the action of the trial court involves a plain abuse of discretion, and in such case it is the duty of the appellate court to reverse the action of the trial court. (*Shearman* v. *Jorgensen*, 106 Cal. 483, [39 Pac. 863]; *Bailey* v. *Taffe*, 29 Cal. 423; *People* v. *O'Connell*, 23 Cal. 282.)

We think the case at bar is such a case.

Plaintiffs commenced this action upon an injunction bond given by defendant as the surety thereon, in an action wherein one Rasmussen was plaintiff and plaintiffs herein were defendants.

A demurrer to the first complaint was sustained. Plaintiffs filed an amended complaint, to which defendant filed a demurrer. Subsequently defendant filed an amended demurrer. This demurrer came on regularly for hearing upon the fourth day of February, 1910, and no one appearing for defendant it was by the court overruled, and defendant allowed ten days to answer to the complaint. Written notice of the overruling of the demurrer and that defendant was allowed ten days to answer to the complaint was served upon the attorney for the defendant personally upon the fifth day of February, 1910, and his written admission of service indorsed on such notice. On the sixteenth day of February, 1910, the time allowed defendant to answer having expired, and no extensions of time having been granted either by the court or counsel, and no answer having been filed, the default of defendant was duly entered, and judgment entered against defendant as prayed for in said complaint.

Subsequently defendant upon affidavits procured an order from the court requiring plaintiffs to show cause why such default and judgment should not be set aside and vacated. A hearing was had upon this order, which resulted in the granting of the order appealed from.

Where, as in this case, a default and judgment have been duly and regularly entered against a litigant, such default and judgment cannot be set aside and vacated, except upon a showing that they were taken against him through his

mistake, inadvertence, surprise or excusable neglect. (Code Civ. Proc., sec. 473; *Shearman* v. *Jorgensen,* 106 Cal. 483, [39 Pac. 863]; *Bailey* v. *Taffe,* 29 Cal. 423; *People* v. *O'Connell,* 23 Cal. 282.) In the case at bar there is no dispute that the notice of the overruling of the demurrer and of the allowance to defendant of ten days to answer, was served upon the attorney for defendant personally upon the fifth day of February, 1910. Neither defendant nor his attorney took any action, either to answer or in any way to further defend against the complaint until after the judgment had been duly and regularly entered. There is neither in the affidavit filed by the attorney for defendant, nor elsewhere, any claim or pretense that anything was said or done at the time of the serving of the notice of the over-ruling of the demurrer or afterward to relieve such service from having its usual customary and legal effect. Neither is it pretended, either in the affidavit of said attorney or else-where, that anything whatever occurred after the serving of said notice which could or did prevent defendant from an-swering to the complaint. The bald facts are undisputed that such service was duly and regularly made upon the attorney for defendant, and that he took no further steps in relation to the action until after judgment had been duly and regularly entered against his client.

His affidavit does show that the hearing upon his demurrer had been continued several times, that upon several occasions the attorney for plaintiffs was not present at the calling of the demurrer, and that he, the affiant, had allowed the hear-ing to go over because of the absence of the attorney for plaintiffs, and that he had, prior to the overruling of his demurrer, extended other courtesies to the attorney for plaintiffs. And in his affidavit in support of the application for the order appealed from he states: "When deponent learned that plaintiffs claimed to have taken the default of the defendant, he was very much surprised, in the first place, because of deponent's liberal practice toward Mr. Davis [plaintiffs' attorney] in not having taken, or attempting to take, his, said Davis', default upon the numerous occasions hereinabove mentioned, when neither the said Davis nor any of his representatives had been in court," and also because a representative of the affiant had, at some time before the over-ruling of the demurrer stated to the attorney for plain-

tiffs that he considered the demurrer well taken.    As a matter of law, the demurrer was not well taken.    According to the affidavit of the attorney for plaintiffs, ''the point of the amended demurrer is, that since the complaint does not contain any allegation of compliance by the plaintiff, a South Dakota corporation, with section 405 of the Civil Code; it has not the legal capacity to maintain this action under section 406 of the Civil Code.''    There was no merit at all in the demurrer.    It does not appear upon the face of the complaint that said plaintiff had not complied with such section.    The want of capacity to sue can only be raised by demurrer when such want of capacity appears upon the face of the complaint. (Code Civ. Proc., sec. 430; *Los Angeles Ry. Co.* v. *Davis,* 146 Cal. 179, [106 Am. St. Rep. 20, 79 Pac. 865].)

The cases referred to by the attorney for defendant (*Wood* v. *Ball,* 190 N. Y. 217, [83 N. E. 21], and *American De Forrest Wireless Tel. Co.* v. *Superior Court,* 153 Cal. 532, [96 Pac. 15]) give no support whatever to the claim of defendant's attorney as to the merits of his demurrer.    The New York case, when read in its entirety, is distinctly against him, and the case in 153 Cal. is not in point as to the question presented by the demurrer.

The court, therefore, did not err in overruling defendant's demurrer, and the order vacating the judgment cannot be sustained upon any contention that might be made to the effect that the court erred in overruling such demurrer.

We are thus forced to look to the record to find facts sufficient to support a claim that the default and judgment were taken against defendant through his mistake, inadvertence, surprise or excusable neglect.    We find nothing in the record to support any such claim.    When the attorney for defendant was served with notice of the overruling of the demurrer he had notice that the time within which defendant could answer was running.    The simple fact that he had been liberal and courteous in his treatment of counsel upon the other side did not justify him in ignoring the effect of the service of such notice.    In failing to take any action toward either answering or getting more time to answer, he was guilty of inexcusable neglect.

Neither can he claim that the judgment was taken against his client through surprise in any legal sense.    The very purpose of giving the notice of the overruling of the demurrer

and the allowance of time to answer was to put defendant upon notice that default might be entered upon expiration of the time allowed. Nothing was said or done to cause defendant or its attorney to believe that if no answer was filed judgment would not be taken in due course.

Quite as good, if not a better, showing for vacating a judgment entered upon a default was made both in *Shearman* v. *Jorgensen,* 106 Cal. 483, [39 Pac. 863], and in *Bailey* v. *Taffe,* 29 Cal. 423, and yet the supreme court was in each case constrained to hold that the trial court had erred in granting relief, and reversed the order. (See, also, *People* v. *O'Connell,* 23 Cal. 282.)

The order is reversed.

Kerrigan, J., and Lennon, P. J., concurred.

THE COURT.—As a matter of justice to the attorneys who represented the defendant and respondent before this court in the above-entitled matter, it is proper to say, as an addition to the facts stated in the opinion filed in said matter March 9, 1912, that said attorneys did not represent said defendant in the proceedings in the court below that resulted in the entry of default and judgment against said defendant.