BARTOLA MORENO, Plaintiff and Appellee, *v.* EUGENIO TORAL, Defendant and Appellant.

No. 5445. Argued November 27, 1931.—Decided May 31, 1932.

*Armando A. Miranda* for appellant. *M. García González* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Bartola Moreno brought an action against Eugenio Toral and alleged that in June, 1927, she purchased from the plaintiff a house and lot for $1,500 of which she delivered to him $300, in consideration of which the vendor agreed to deliver at once the house, and lot and to execute the corresponding deed in her favor upon his receipt of the balance of the purchase price, which was to be paid as soon as the plaintiff sold a track of land that belonged to her; that notwithstanding the fact that the defendant received the $300, and two other payments, one for $132 and the other for $100, amounting to $532 in all, the defendant did not deliver to her the house and lot, and still refuses to deliver them to her. On this allegation, she prayed the court to rescind the contract and to adjudge the defendant to return to her the $532 received by him, with legal interests thereon, and also to pay the rent received from the house. The defendant admitted the receipt of the sums on account of said contract of sale, but he alleged that the vendee was bound to deliver to him the sum of $600 as evidence of good faith, and the remaining $900 on June 30, 1928, before delivery of the house, which she has failed to do; and

in a cross complaint filed, he alleged that the plaintiff's breach has caused him damages, as he was unable to sell the house and lot to another person. He prayed the court to decree the rescission of said contract, and to adjudge the plaintiff to pay him $800 as damages. The district court by its judgment sustained the complaint, dismissed the cross complaint, rescinded the contract, and ordered the defendant to return to the plaintiff the said $532 with legal interest thereon. Thereupon the defendant appealed.

The first assignment of error is that the lower court erred in overruling a motion of the appellant to strike out certain particulars from the complaint.

It does not appear from the record that the defendant took an exception to this ruling, and in the case of *Ibáñez* v. *Diviño,* 25 P.R.R. 279, this Court has declared that an order refusing to strike out a pleading is not one of the orders or decisions which are deemed to have been excepted to by section 213 of the Code of Civil Procedure. Furthermore, we have read the complaint and the particulars that the defendant requested be stricken out, and we will only say, as briefly as said assignment of error has been argued, that in our opinion the lower court did not err and that the retention of those particulars in the complaint has not at all prejudiced the defendant.

The appellant then argues his third assignment of error, wherein objection is made to the action of the court in vacating his demurrer to the complaint for want of capacity of the plaintiff to sue.

A demurrer to a complaint must necessarily be based on the facts alleged in the complaint, and from the one filed in the instant case no circumstance appears from which it could be inferred that the plaintiff lacks legal capacity to sue. The complaint fails to state the personal circumstances or the civil status of the plaintiff, and on that ground her lack of capacity to sue has been asserted; but such lack of capacity to sue does not flow from that omission. In the case of *Echevarría*

v. *Molinary,* 14 P.R.R. 153, this Court held that it was not necessary for the plaintiff to aver that he had legal capacity to sue, and that if said fact did not appear from the complaint, objection thereto should be made in the answer. The cases of *Phoenix Bank of New York* v. *Donnell,* 40 N. Y. 410, and *District No. 110* v. *Feck,* 60 Cal. 403, are to the same effect.

The second assignment is that the court erred in overruling the ground of demurrer for failure of the complaint to state facts sufficient to constitute a cause of action.

The complaint states a cause of action, because it alleges that the plaintiff and the defendant entered into a contract of purchase and sale whereby the defendant was to deliver to the plaintiff the land in question upon the receipt of $300, and that the defendant has failed to do so; the right of the plaintiff to obtain a rescission of the contract for breach of one of the conditions thereof by the defendant, and to the payment of the principal and interest, arises in accordance with section 1091 of the Civil Code. It is true that the complaint does not state with precise and exact words that the defendant is the owner of the house and lot in question, and that the money was delivered to him; but if we construe the allegations liberally as section 192 of the Code of Civil Procedure provides should be done with pleadings, and if we bear in mind the averment to the effect that the defendant has profited by the interest accruing on the money paid to him by the plaintiff and by the rent received from the house, it may be concluded that it has been alleged that he sold under claim of ownership and received the money.

The last two assignments can be dealt with together, since it is claimed in both that the court erred in sustaining the complaint and in dismissing the cross complaint.

The evidence as to the terms of the contract was conflicting, that offered by each party tending to support the theory of their respective pleadings. But the lower court adjusted the conflict in favor of the plaintiff; and although the appel--

lant attacks the sufficiency of the testimony of Bartola Moreno to prove the terms under which she alleges that she purchased, we are not convinced that the same is not sufficient to sustain the finding of the court. With respect to the evidence concerning the cross complaint, we will say that, although the defendant Toral testified at the trial that he was damaged because he could have done much with that house, he did not state the amount of such damages, for which reason the court was justified in declaring that no evidence had been introduced to prove the $800 claimed.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.