BECERRIL ET AL., DEMANDANTES Y APELANTES, *v.* POST ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre cobro de dinero.

No. 1237—Resuelto en julio 9, 1915.

ARRENDAMIENTO—DEFINICIÓN DE ESTE CONTRATO.—El arrendamiento es un contrato por el cual una de las partes se obliga a dar a la otra para cierto tiempo y por precio cierto el uso o disfrute de una cosa o de su trabajo.

ID.—CONTRATOS DE ARRENDAMIENTO POR UN PERÍODO MAYOR DE SEIS AÑOS—DERECHO REAL.—De acuerdo con los artículos 1453 del Código Civil Revisado y 2, número 5, de la Ley Hipotecaria, el contrato de arrendamiento de bienes inmuebles por un período que exceda de seis años, tiene el carácter de derecho real sobre la finca arrendada.

ID.—SUD-ARRIENDO—CONSENTIMIENTO DEL ARRENDADOR.—El arrendatario puede sub-arrendar la finca arrendada sin necesidad del consentimiento del arrendador, cuando en el contrato no se le prohiba expresamente.

ID.—CESIÓN DEL ARRENDAMIENTO—CONSENTIMIENTO PREVIO DEL ARRENDADOR—PROHIBICIÓN EXPRESA—LIBRE CONTRATACIÓN.—De igual modo' está facultado el arrendatario para ceder el arrendamiento sin necesidad de solicitar y obtener previamente el consentimiento del arrendador, cuando la cesión no se prohiba expresamente en el contrato. En ausencia de una prohibición expresa o de una consecuencia claramente inmoral, rige el principio de que no debe oponerse obstáculos a la libre contratación.

ID.—CESIÓN DEL ARRENDAMIENTO—EFECTOS DE LA CESIÓN—RESPONSABILIDAD DEL PRIMITIVO ARRENDATARIO.—La cesión de un arrendamiento no exonera al primitivo arrendatario de su obligación de pagar la renta estipulada, aunque el arrendador haya consentido tal cesión y percibido la renta del cesionario, a no ser que el arrendador haya aceptado la transmisión del arriendo y renunciado al arriendo original.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Aponte & Aponte.*

Abogados de los apelados: Sres. *Armstrong & Keith* y *Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La cuestión fundamental envuelta en este caso, es la siguiente: ¿Puede cederse por el arrendatario, sin necesidad de solicitar y obtener el consentimiento del arrendador, un contrato de arrendamiento de un bien inmueble, por más de seis años, cuando en el contrato no se prohibió expresamente la cesión?

De los autos aparece que los demandantes el 11 de enero de 1911 arrendaron a los demandados ciertas fincas rústicas situadas en Fajardo, P. R., por término de catorce años y precio de ocho mil dólares anuales pagaderos por trimestres adelantados. En el contrato nada se hizo constar con respecto a si los arrendatarios podían o nó subarrendar las fincas arrendadas o ceder su derecho a otras personas.

Los arrendatarios tomaron posesión de las fincas arrendadas y pagaron los cánones de arrendamiento en su oportunidad hasta diciembre de 1913. El 15 de enero de 1914 los dichos arrendatarios, por escritura pública, cedieron y traspasaron su derecho a "The Fajardo' Sugar Company,"

una corporación organizada e incorporada según las leyes del Estado de Nueva York, con domicilio y oficinas en Fajardo, P. R., y notificaron la cesión a los arrendadores, contestando éstos negándose a reconocer la transferencia. Los arrendadores cobraron a los arrendatarios el precio del arrendamiento vencido correspóndiente al primer trimestre del año 1914 y los arrendatarios no lo pagaron manifestando que tal pago sería hecho por su cesionaria "The Fajardo Sugar Company." En efecto "The Fajardo Sugar Company," como cesionaria de "The Fajardo Sugar Growers' Association," ofreció pagar a los demandantes dicho precio pero los demandantes se negaron a recibirlo en tal concepto. "The Fajardo Sugar Company" consignó entonces el precio en la Corte de Distrito de Humacao, a disposición de los demandantes.

Así las cosas, los arrendadores iniciaron contra los arrendatarios el presente pleito, pidiendo a la corte que los condenara al pago de $2,250 e intereses legales, en concepto de indemnización de daños y perjuicios, y a satisfacer las costas, desembolsos y honorarios de abogado.

Los demandados contestaron. Se permitió intervenir a "The Fajardo Sugar Company" y se dictó finalmente sentencia desestimando la demanda y reservando a los demandantes su derecho para ejercitarlo por medio de la acción correspondiente, sin especial condena de costas. Contra esa sentencia, pronunciada el 19 de agosto de 1914, se interpuso por los demandantes el presente recurso de apelación.

El juez de distrito que falló el pleito opinó sustancialmente que de acuerdo con la ley vigente en Puerto Rico no podía cederse por el arrendatario el contrato de arrendamiento sin el consentimiento del arrendador, pero que como en este caso sólo se ejercitaba la acción de cobro de pesos y los hechos demostraban que si los demandantes no habían cobrado había sido por su propia voluntad, la cuestión por ellos suscitada era puramente académica y no debía decidirse por la corte.

Después de haber estudiado cuidadosamente todas las cuestiones argumentadas por los abogados de las partes, opinamos que debe confirmarse la sentencia recurrida, aunque por motivos distintos a los que tuvo en cuenta el juez sentenciador para dictarla. Prescindiremos de considerar por escrito los varios errores señalados por el apelante en su alegato y limitaremos nuestro estudio a la verdadera cuestión fundamental envuelta en el litigio.

Escriche, define el contrato de arrendamiento así: "El arrendamiento es un contrato por el cual una de las partes se obliga a dar a la otra para cierto tiempo y por precio cierto el uso o disfrute de una cosa o de su trabajo." 1 Escriche, 722. Y luego, refiriéndose al subarriendo, dice: "El arrendatario puede subarrendar a un tercero en todo o en parte la cosa que tiene arrendada, como no se le haya prohibido por pacto. Así lo disponía el derecho romano: *Nemo prohibetur rem quam conduxit fruendam, alii locare, si nihil aliud convenit; 1. 6, Cod. locat.* Así lo sientan comunmente nuestros juristas, y especialmente Gómez y Ayllon, lib. 2, *Var.*, cap. 3, núm. 11; y así lo dicta igualmente la razón * * *." 1 Escriche, 727.

La regla general expuesta por Escriche fué consagrada por el Código Civil español que dispuso en su artículo 1550 que "cuando en el contrato de arrendamiento de cosas no se prohiba expresamente, podrá el arrendatario subarrendar en todo o en parte la cosa arrendada, sin perjuicio de su responsabilidad al cumplimiento del contrato para con el arrendador," habiendo adoptado igual regla el legislador portorriqueño en el artículo 1453 del Código Civil revisado.

La ley hipotecaria para las provincias de Ultramar de 1893, que está vigente aún en Puerto Rico, con algunas modificaciones, en su artículo 2, núm. 5, prescribe que en los registros de la propiedad se inscribirán los contratos de arrendamiento de bienes inmuebles por un período que exceda de seis años, disposición igual a la contenida en el artículo 2 de la ley hipotecaria española, y que convierte los arrendamientos

de tal clase en verdaderos derechos reales sobre las fincas arrendadas.

Tenemos, pues, que de acuerdo con las leyes vigentes sobre la materia, el arrendamiento de que se trata en este pleito, tiene el carácter de un derecho real sobre las fincas arrendadas, pudiendo los arrendatarios subarrendar dichas fincas, sin necesidad del consentimiento de los arrendadores, ya que éstos no se lo prohibieron expresamente en el contrato.

¿Están de igual modo facultados los arrendatarios para ceder su derecho, sin necesidad de solicitar y obtener previamente el consentimiento de los arrendadores? La ley no lo dice expresamente, como en el caso del subarriendo. Los comentaristas opinan de modo distinto: Scaevola concluye que no; Manresa, que sí. Los tribunales españoles, que sepamos, no han resuelto la cuestión. La Dirección General de los Registros la decidió en cierto modo en sentido afirmativo al resolver el 12 de marzo de 1902, "que la inscripción del contrato de arrendamiento convierte a éste en un derecho real, que pueda enajenarse cuando no se ha prohibido expresamente, según declara el artículo 1550 del Código Civil."

A nuestro juicio la resolución de la cuestión depende de los efectos que la cesión pueda causar en las relaciones del arrendador con el primitivo arrendatario. Si la cesión produce el efecto de exonerar de toda responsabilidad al arrendatario en cuanto, por ejemplo, al pago del precio que se obligó a satisfacer, autorizarla equivaldría a facultar a una sola de las partes contratantes para eludir a su voluntad el cumplimiento de la obligación contraída, sin temor de incurrir en responsabilidad alguna. Pero si la cesión no produce tal efecto y la responsabilidad del primitivo arrendatario para con el arrendador continúa, entonces no encontramos razón lógica alguna para llegar a la conclusión de que la cesión de un arrendamiento está prohibida por nuestras leyes.

Opinamos que debe adoptarse el último criterio y en su virtud contestarse en la afirmativa la pregunta que formulamos al comenzar este dictamen, ya que en ausencia de una

prohibición expresa, o de una consecuencia claramente inmoral, rige el principio de que no debe oponerse obstáculos a la libre contratación.

Al opinar así, creemos resolver el problema jurídico planteado de un modo que permite conservar todas las características especiales del contrato de arrendamiento, y a la vez aceptar sin vacilaciones las consecuencias de lo dispuesto en el Código Civil y en la Ley Hipotecaria en relación con él mismo. Además, nuestros razonamientos están sostenidos por la jurisprudencia constante de los tribunales americanos, aplicable por no ser contraria sino más bien conforme a la naturaleza del arrendamiento tal como consta regulado en nuestras leyes. Dicha jurisprudencia, resumida por Cyc., es como sigue:

"A falta de restricciones estatutorias o contractuales en contrario, el arrendatario por un número de años puede sin el consentimiento del arrendador, si no existe cláusula expresa que lo prohiba en el contrato, ceder, subarrendar, hipotecar o de otro modo gravar el término concedido en el arrendamiento." 24 Cyc., 962.

"La cesión de un arrendamiento no anula la obligación del arrendatario del convenio expreso de pagar la renta, aunque el arrendador haya consentido tal cesión y percibido la renta del cesionario, a no ser que el arrendador haya aceptado la transmisión del arriendo y renunciado al arriendo original." 24 Cyc., 1177, y casos citados.

Los derechos del arrendador con nuestra teoría, quedan garantidos. No sufren perjuicio alguno con la cesión. Si el artículo 1126 del Código Civil autoriza el pago por cualquier persona, tenga o nó interés en el cumplimiento de la obligación, no hay razón legal que impida el pago por el cesionario.

Habiendo llegado a las anteriores conclusiones, caen por su base todos los argumentos de los apelantes relativos a los probables perjuicios que la cesión podría ocasionarles. Los apelantes alegaron que ellos no podían aceptar el pago de la corporación cesionaria, porque si así lo hacían, aceptaban también implícitamente la cesión, e, *ipso facto*, liberaban al

primitivo arrendatario de toda responsabilidad para con ellos. Mas, como esto no es así, el único obstáculo que tuvieron los apelantes para recibir el precio del arrendamiento de manos de los cesionarios, desaparece, y la verdadera situación legal del asunto es la de que los apelantes al tiempo de interponer la demanda que dió origen al pleito, no tuvieron necesidad alguna de acudir a las cortes de justicia a pedir el reconocimiento de un derecho que en realidad de verdad nunca le fué negado.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.