BARTOLA MORENO, demandante y apelada, *v.* EUGENIO TORAL, demandado y apelante.

No. 5445.—*Sometido:* Noviembre 27, 1931. *Resuelto:* Mayo 31, 1932.

*Armando A. Miranda,* abogado del apelante; *M. García González,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Bartola Moreno demandó a Eugenio Toral alegando que en junio de 1927 le compró una casa con solar por precio de

$1,500 de los cuales le entregó $300, mediante cuya cantidad el vendedor se comprometió a entregarle desde luego la casa y solar y a otorgarle la correspondiente escritura cuando recibiese el resto del precio que le sería entregado cuando la demandante vendiese cierta finca suya: que a pesar del recibo por el demandado de los $300 y de dos partidas más, una de $132 y otra de $100, en total $532, el demandado no le entregó la casa y solar y se niega a entregárselos, por lo que solicitó de la corte que declarase resuelto dicho contrato y condenase al demandado a devolverle los $532 que recibió y sus intereses legales, y también a pagarle las rentas producidas por la casa. El demandado admitió la entrega de esas cantidades a cuenta de dicho contrato de compraventa pero alegó que la compradora debía entregarle $600 como garantía de buena fe y los $900 restantes el día 30 de junio del siguiente año 1928 antes de serle entregada la casa, lo que no ha hecho; y en una contrademanda alegó que el incumplimiento por la demandante le ha causado perjuicios por no haber podido vender a otra persona el solar y casa y solicitó que la corte declarase la resolución del mencionado contrato y que condenase a la demandante a pagarle $800 como indemnización por los perjuicios que ha sufrido. La sentencia de la corte de distrito declaró con lugar la demanda y sin lugar la contrademanda y resuelto el referido contrato, condenando al demandado a devolver a la demandante los referidos $532 con sus intereses legales. De esa sentencia apeló el demandado.

El primer fundamento del recurso es por no haber accedido la corte inferior a la moción del apelante en la que solicitó la eliminación de ciertos particulares de la demanda.

No consta en los autos que el demandado tomara excepción contra la expresada resolución y en el caso de *Ibáñez* v. *Diviñó*, 25 D.P.R. 302, este tribunal declaró que la resolución que niega una eliminación no está comprendida entre las que

según el artículo 213 del Código de Enjuiciamiento Civil están excepcionadas por dicho precepto. Además, hemos leído la demanda y los particulares cuya eliminación fueron solicitados y nos limitaremos a decir, tán brevemente como ese motivo de error se argumenta, que a nuestro juicio la corte inferior no cometió el error que se le atribuye y que la permanencia de esos particulares en la demanda no ha causado perjuicio alguno al demandado.

■ A continuación argumenta el apelante el tercero de los errores que alega, basado en no haber sido declarada con lugar su excepción previa a la demanda fundada en no tener la demandante capacidad legal para demandar.

Una excepción previa a una demanda tiene que fundarse necesariamente en los hechos alegados en la demanda y de la que fué presentada en este caso no aparece circunstancia alguna de la que deba inferirse que la demandante no tiene capacidad legal para demandar. La demanda no expone las circunstancias personales y el estado civil de la demandante y por esto es que se ha alegado su falta de capacidad para demandar, pero de tal falta no surge que no tenga capacidad para demandar. En el caso de *Echevarría* v. *Molinary,* 14 D.P.R. 161, declaró este tribunal que no era necesario que la demandante alegara que tenía la capacidad legal para demandar y que si ese hecho no constaba de la faz de la demanda tal objeción debía hacerse en la contestación. En igual sentido son las resoluciones en los casos de *Phoenix Bank* v. *Donnel,* 40 N. Y. 410, y *District No. 110* v. *Feck,* 60 Cal. 403.

■ El segundo error alegado es por haber sido declarada sin lugar la excepción previa de que la demanda no aduce hechos determinantes de causa de acción.

La demanda aduce causa de acción porque diciendo que demandante y demandado celebraron un contrato de compraventa por el cual al recibir el demandado $300 debía entre-

garle la finca y que no lo ha hecho, surge así el derecho de la demandante de acuerdo con el artículo 1091 del Código Civil a obtener la resolución de esa compraventa por incumplimiento por el demandado de una de las condiciones del contrato, con el resarcimiento y abono de intereses. Es cierto que la demanda no dice con palabras precisas que el demandado sea dueño de la casa y solar y que a él se entregara el dinero, pero interpretada liberalmente, como dispone se haga con las alegaciones el artículo 192 del Código de Enjuiciamiento Civil, y teniendo en cuenta la alegación de que el demandado se ha beneficiado con los réditos de las sumas pagadas por la demandante y con los cánones de arrendamiento de la casa, puede concluirse que está alegado que él vendió como dueño y que recibió el dinero.

Los dos últimos motivos pueden ser tratados conjuntamente pues se refieren a que hubo error al declarar con lugar la demanda y al declarar sin lugar la contrademanda.

La prueba sobre las condiciones del contrato fué contradictoria, sosteniendo la de cada parte la teoría de sus respectivas alegaciones pero la corte inferior resolvió ese conflicto a favor de la demandante; y aunque el apelante ataca la suficiencia de la declaración de Bartola Moreno para probar las condiciones en que alega que hizo la compra, no estamos convencidos de que no sea bastante para sostener la conclusión de la corte. Con respecto a la prueba de la contrademanda diremos que si bien el demandado Toral declaró en el juicio haber sido perjudicado porque pudo haber hecho muchísimo con esa casa, no dijo a cuánto ascendieron esos perjuicios por lo que estuvo justificada la corte al declarar que no presentó prueba de los $800 reclamados.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.