Monserrate V. de Segarra, asistida de su esposo Antonio Segarra, demandantes y apelantes, *v.* Antonio Vivaldi Pacheco, demandado y apelado.

Núm. 7692.—*Sometido:* Febrero 2, 1939. *Resuelto:* Junio 21, 1939.

*Mario Báez García,* abogado de la apelante; *Oscar Souffront,* abogado del apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Se trata de una reclamación de daños y perjuicios por incumplimiento de contrato. La parte demandante alegó la existencia de un contrato de compraventa de una casa y solar en Mayagüez, seguido de posesión hasta el 19 de septiembre de 1930, cuando la demandante se mudó a San Juan y dejó un agente en Mayagüez. El agente debía pagar los plazos subsiguientes de las rentas y de cierto dinero que le remitiría la demandante desde San Juan hasta que el saldo del precio de la compraventa fuera pagado en su totalidad. Unos días más tarde el demandado, con el fin de efectuar ciertas reparaciones o de construir un garage, tomó la llave del agente. A partir de esa fecha el demandado repetidamente se negó a reentregar la posesión a la demandante y,

por el contrario, cedió en arrendamiento la propiedad a varios inquilinos de quienes cobraba los cánones. La demandante, durante el tiempo que estuvo en posesión, gastó la suma de $300 en reparaciones necesarias y en reformas. Esto se hizo con el conocimiento y consentimiento del demandado. La demandante cumplió todas sus obligaciones bajo el contrato y exigió del demandado que diera cumplimiento a las suyas, obligaciones que el demandado se negó a cumplir, ocasionando así la rescisión del contrato. Al ser requerido para que indemnizara a la demandante, el demandado continuamente pospuso el pago de tal indemnización, así como la devolución del dinero pagádole por la demandante, y rehusó continuar el cumplimiento de sus obligaciones hasta el 14 de mayo de 1937, cuando se negó rotundamente a continuar el cumplimiento de sus obligaciones bajo el contrato, a pagar la indemnización o a devolver los pagos. En su demanda la demandante detallaba los daños por ella reclamados en la siguiente forma:

| | |
|---|---:|
| Cantidad entregada al demandado en el acto de firmar el contrato | $300. 00 |
| Intereses sobre esa suma hasta la fecha de la radicación de la demanda | 165. 00 |
| 28 pagos mensuales a razón de $40 cada uno | 1, 120. 00 |
| Intereses sobre dicha suma desde la fecha del último pago hasta la radicación de la demanda | 460. 00 |
| Reparaciones hechas por los demandantes en la casa | 300. 00 |
| Indemnización prevista y señalada en el contrato | 500. 00 |
| Total | $2, 845. 00 |

La alegación final era que el demandado se ha negado a pagar la expresada cantidad, total o parcialmente, a pesar de las gestiones realizadas a ese efecto.

El demandado excepcionó la demanda fundado en que la acción había prescrito de conformidad con el artículo 1868 del Código Civil (ed. 1930). La corte inferior declaró con lugar la excepción y desestimó la demanda. La teoría del juez de distrito era que la acción se basaba necesariamente en el

artículo 1802 del Código Civil (ed. 1930) y que, en su consecuencia, estaba prescrita por el artículo 1868. Estos dos artículos leen como sigue:

"Artículo 1802.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.

"Artículo 1868.—Prescriben por el transcurso de un año:

"1. La acción para recobrar o retener la posesión.

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado."

La demanda estaba titulada "Reclamación de daños y perjuicios por incumplimiento de contrato de promesa de venta." La parte demandante alegó la existencia de un contrato y el incumplimiento del mismo por el demandado. La demanda no contenía ninguna de las alegaciones corrientes en un pleito basado en el artículo 1802. La acción era la que su título indicaba, o sea una reclamación de daños y perjuicios por incumplimiento de contrato, y no una acción fundada en negligencia. El acto torticero del demandado al obtener y retener la posesión de la finca, aunque era una transgresión (*trespass*), equivalía también a un incumplimiento de contrato. La demandante alegó y se basó en un incumplimiento de contrato y no en un acto torticero. La apelante puede o no estar equivocada al descansar en los artículos 1042, 1044 y 1340 del Código Civil (ed. 1930) como base de su litigio. Véanse *Moreno* v. *Toral*, 43 D.P.R. 566; *Vivaldi* v. *Quijano*, íd. 811, y *Emanuelli* v. *Cadierno*, 50 D.P.R. 134. Ella está en lo cierto al sostener que se trata de una acción personal. Aparentemente también lo está al sostener que no le cobija ningún otro período prescriptivo, a excepción del término de quince años fijado por el artículo 1864 del Código Civil (ed. 1930).

*La sentencia apelada debe ser revocada y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*