MANUEL SAAVEDRA SOLER ET AL., demandantes y recurrentes,
*v.* CENTRAL COLOSO, INC., demandada y recurrida.

*Número:* 12269 *Resuelto:* 11 de mayo de 1962

*Benjamín Ortiz,* abogado de los recurrentes; *García Méndez & García Hermida, Sifre & Ruiz Suria,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Central Coloso, Inc. cedió un local en arrendamiento a Manuel Saavedra. El término del contrato era por la vida natural de este último. El convenio se celebró en en el año 1925, pero en el 1938 Central Coloso dio por terminado el contrato y privó a Saavedra del uso del inmueble que estaba dedicado a tienda y panadería. En el 1956 Saavedra demandó a Central Coloso reclamando la entrega del local así como los daños sufridos, que estima en $800,000.00.

El juez de instancia concluyó que las acciones ejercitadas estaban prescritas. Determinar si este fallo es correcto es la única cuestión planteada en este recurso. ■

La acción para hacer cumplir el contrato es una personal y el término de duración de estas acciones es de quince años a partir del momento en que fuera exigible la obligación, Código Civil, art. 1869, 31 L.P.R.A. sec. 5299. ■

No es necesario considerar si el hecho de que el término del contrato sea por la duración de la vida de uno de los contratantes lo convierte en un derecho real, ya que la jurisprudencia ha establecido que es necesaria la inscripción en el Registro, para que se pueda considerar de naturaleza real la protección que dá al arrendatario tal inscripción. *Becerril et al* v. *Post et al,* 22 D.P.R. 732 (1915); Sentencia del 12 de abril de 1927 (174 Jurisprudencia Civil 800), y no hay alegación alguna al efecto de que el presente contrato fuera inscrito en el Registro. Además hay diversas opiniones en

cuanto a la naturaleza del derecho que surge del contrato de arrendamiento, e ilustres tratadistas sostienen que es personal, 1 De Diego, *Derecho Civil Español,* pág. 445 (1941); 2 Valverde, *Tratado de Derecho Civil Español*, pág. 28 (1925); 4 Colin y Capitant, *Derecho Civil,* pág. 314 (1955); 10 Planiol-Ripert, *Derecho Civil Francés,* pág. 668 (1940); T. 2, Vol. 1 Roberto de Rugguero, *Instituciones de Derecho Civil,* pág. 358; T. 2, Vol. II Ennecerus, *Tratado de Derecho Civil, Derecho de Obligaciones,* pág. 140 (1950); Moreno Mocholi, *Sobre Naturaleza Jurídica del Derecho del Arrendatario,* 183 Revista General de Legislación y Jurisprudencia, pág. 25 (1948), aunque la determinación final de como consideramos ese derecho en esta jurisdicción la dejaremos para un caso más apropiado. ■

La reclamación de daños por quebrantamientos de un contrato es una acción *ex-contractu* que prescribe también a los quince años. Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294; *Camacho* v. *Iglesia Católica,* 72 D.P.R. 353 (1951); *Segarra* v. *Vivaldi,* 55 D.P.R. 160 (1939). ■

· Ahora, aún suponiendo, como sostiene Saavedra que un arrendamiento vitalicio es un contrato de cumplimiento continuo o de tracto sucesivo y que el arrendatario tiene derecho al uso de la propiedad en cualquier momento de su vida "independientemente de cualquier disposición referente a prescripción", la acción no podría ejercitarse por motivo de haber el demandante incurrido en incuria (laches). Véanse: *Junta Rel. del Trabajo* v. *Long. Const. Co.,* 73 D.P.R. 252, 259 (1953); *Vidal* v. *Monagas,* 66 D.P.R. 622, 641 (1946); *F. Rodríguez Hnos. & Co.* v. *Aboy,* 66 D.P.R. 525, 540 (1946); donde hemos manifestado que la defensa de incuria (laches) procede cuando no hay término prescriptivo. Los hechos que motivaron este pleito ocurrieron según se alega hace 18 años, y es después de transcurrido este largo período que se insta esta acción para exigir el cumplimiento del contrato y reclamar $800.000.00 de daños.

La acción debió ejercitarse con más premura, y no cruzarse de brazos por 18 largos años para entonces reclamar una cosa que pudo hacerla desde el mismo momento en que fue privado del uso del inmueble. En la demanda no se establece si la privación del uso fue por la vía judicial o extra-judicial. Si fue por la primera, el demandante debió haber establecido como defensa la existencia del contrato que ahora alega, y si fue por la vía extra-judicial, su actuación al no defenderse, fue una de aquiescencia.

*Fue correcta la actuación del juez de instancia. Se confirma la sentencia recurrida que dictó el Tribunal Superior, Sala de San Juan, con fecha 17 de mayo de 1957.*