Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| CARMEN DÍAZ RIVERA<br><br>Demandante Apelante<br><br>v.<br><br>ZENAIDA COLÓN LÓPEZ, RUBÉN RAMOS DÍAZ<br><br>Demandados Apelados | TA2025AP2500491 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2023CV01021<br><br>Sobre:<br>Acción Reivindicatoria, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece la señora Carmen Díaz Rivera mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Guayama, emitida el 4 de agosto de 2025. En dicho dictamen, se desestimó la demanda de la parte apelante por falta de jurisdicción sobre la materia. Por los fundamentos que expondremos, modificamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por acción reivindicatoria y daños y perjuicios. Según el expediente, el 30 de mayo de 1993, el señor Rubén Arnaldo Ramos Ramos y su entonces esposa, la señora Díaz Rivera, segregaron una parcela de terreno localizada en el Barrio Quebrada Yeguas, Salinas, para venderlo a la Congregación de la Plena de los Testigos de Jehová, de Salinas, Inc., estos vendedores quedándose con el resto de la finca, cual incluía una vivienda. El 3 de

abril de 2019, en el Estado de Massachusetts, la señora Díaz Rivera otorgó un Poder a la señora Zenaida Colón López, siendo luego protocolizado en Puerto Rico mediante la Escritura Núm. Setenta y Seis (76) del 2 de julio de 2019. Ese mismo día, mediante la representación de la señora Colón López, la señora Díaz Rivera aceptó la cesión del cincuenta (50%) porciento de la finca perteneciente al señor Ramos Ramos. Dueña de toda la parcela restante y de la residencia localizada en ella, mediante la Escritura Núm. Dos (2) del 11 de enero de 2020, vía la señora Colón López, la apelante cedió toda su propiedad a su hijo, el señor Rubén Arnaldo Ramos Díaz, por un valor de treinta mil ($30,000.00) dólares.

El 11 de mayo de 2021, en el caso Civil Núm. SA2021CV00127, la Congregación presentó una demanda por acción reivindicatoria contra la señora Carmen Díaz Rivera y el señor Ramos Díaz, a razón de que estos alegadamente tomaron y ocuparon la propiedad sin autorización de la demandante. De su parte, el señor Ramos Díaz respondió a la demanda con una reconvención y se defendió a base de la escritura pública del 11 de enero de 2020. Sabido esto, el 18 de diciembre de 2023, en el caso GM2023CV01021, la señora Díaz Rivera presentó una demanda contra el señor Ramos Díaz y la señora Colón López por reivindicación y daños y perjuicios, y alegó que el propósito de otorgar las escrituras del 2019 y 2020, y conceder un poder suficiente y amplio a la señora Colón López con instrucciones específicas verbales, fue para completar el proceso de segregación y traspaso a favor de la Congregación junto con su hijo. Por tanto, solicitó la nulidad de la Escritura Núm. Dos (2) y daños punitivos por el incumplimiento de un mandato verbal dado a la señora Colón López.

Luego de anotada la rebeldía de la señora Colón López por su incomparecencia y de otros trámites procesales, el 31 de marzo de 2025, el señor Ramos Díaz solicitó la desestimación por falta de jurisdicción. Evaluada esta moción y la eventual oposición de la apelante, el Tribunal apelado le concedió razón al señor Ramos Díaz y desestimó la demanda por falta de jurisdicción sobre la materia por (1) la acción de reivindicación no poder presentarse ya que la señora Díaz Rivera carece del justo título requerido por el Artículo 821 del Código Civil de 2020, 31 LPRA sec. 8102, entre otros criterios; y (2) la apelante haber tenido solamente un (1) año para incoar la acción de daños y perjuicios, por lo cual su causa de acción está prescrita. Ante la solicitud de reconsideración y determinación adicional de hechos y derecho, el Tribunal recurrido resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega, en lo pertinente a nuestra determinación, que el Tribunal de Primera Instancia erró al (1) desestimar la demanda en el presente caso aplicando el término prescriptivo de un (1) año para reclamaciones extracontractuales; y (2) no celebrar una vista evidenciaria para dilucidar si hubo o no consentimiento al otorgar la escritura de donación-cesión y la nulidad del consentimiento provocaría la reivindicación de la propiedad en controversia. Presentada la oposición del señor Ramos Díaz, resolvemos.

En lo atinente a la controversia ante nos, unos de los fundamentos para solicitar la desestimación de una demanda es que no existe jurisdicción sobre la materia. Regla 10.2 de Procedimiento Civil, *supra*. La jurisdicción sobre la materia es la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal, por lo cual la

ausencia de la misma no es susceptible de ser subsanada, al igual que las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022) (citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018)). Por tanto, de un tribunal determinar que carece de jurisdicción sobre la materia, solo puede declararlo así y desestimar el caso. Íd. (citando a *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020); *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012)).

De otro lado, la acción reivindicatoria se presenta cuando el propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión. Art. 820 del Código Civil de 2020, 31 LPRA sec. 8101.[1] Para ello, el promovente debe (1) presentar el justo título de propiedad; (2) dirigir la acción contra quien tiene la cosa en su poder; (3) demostrar que el demandado no posee un título que le permita seguir en la posesión; e (4) identificar adecuadamente el objeto. Íd., sec. 8102. Véase, también, *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142 (2006) (citando a Art. 280 del Código Civil de 1930, 31 LPRA ant. sec. 1111; *Pérez Cruz v. Fernández*, 101 DPR 365 (1973); *Arce v. Díaz*, 77 DPR 624 (1954)).

Igualmente, sabiendo que el Tribunal de Primera Instancia deberá examinar la validez o eficacia de los títulos, el demandante estará obligado a (1) probar su título sin descansar exclusivamente en los vicios que tenga el título del promovido; y (2) demostrar que el

---

[1] Por la acción reivindicatoria presentarse luego del Código Civil de 2020 entrar en vigor, se utilizará dicho Código para fundamentar nuestros criterios en cuanto a este derecho.

inmueble que reclama es el mismo que surge de los documentos, títulos y demás medios de evidencia en que basa su pretensión. *Ramírez Quiñones v. Soto Padilla*, *supra* (citando a *Sucn. Meléndez v. Almodóvar*, 70 DPR 527 (1949)). Véase, también, *Castrillo v. Maldonado,* 95 DPR 885 (1968) (citando a J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7.ª ed., Madrid, Ed. Reus, 1952, T. III, pág. 138); *ELA v. Pérez Valdivieso*, 83 DPR 863 (1961); *Velázquez v. Velázquez*, 82 DPR 619 (1961)). En respuesta, le corresponde al demandado señalar y probar su mejor título. *Ramírez Quiñones v. Soto Padilla*, *supra* (citando a *Arce v. Díaz*, *supra*).

Por otra parte, surge que la prescripción es una figura que extingue un derecho debido a que una parte no lo ejerce en un período determinado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012). De esta manera, la prescripción extintiva es de naturaleza sustantiva, no procesal, y se rige por los principios del Código Civil. *Serrano Rivera v. Foot Locker Retail Inc*., 182 DPR 824 (2011). El objetivo de los términos prescriptivos es castigar la inercia y estimular el ejercicio rápido de las acciones, promoviendo de ese modo la seguridad en el tráfico jurídico y la estabilidad de las relaciones jurídicas. *Campos v. Cía. Fom. Ind.*, 153 DPR 137 (2001). Sin embargo, la prescripción de las acciones se interrumpe de ordinario por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. Art. 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303.[2]

---

[2] Por las escrituras públicas en controversia haber sido otorgados antes de la vigencia del Código Civil de 2020, utilizaremos el Código Civil de 1930 para fundamentar nuestros argumentos en cuanto a estos temas.

Sabido lo anterior, toda acción personal que no tenga señalado término especial de prescripción prescribirá a los quince (15) años. Art. 1864 del Código Civil de 1930, 31 LPRA ant. sec. 5294. Dichas acciones personales surgen de las relaciones obligacionales o de los derechos de crédito y, por dictamen jurisprudencial, estas acciones incluyen aquellas por daños y perjuicios contractuales. J.R. Vélez Torres, *Derecho de Obligaciones*, 1997, 2.ª ed., San Juan, págs. 388-389. Véase *Saavedra v. Central Coloso, Inc.*, 85 DPR 421 (1962); *Camacho v. Iglesia Católica*, 72 DPR 353 (1951); *Segarra v. Vivaldi*, 55 DPR 160 (1939)). De su parte, la acción para la nulidad de un contrato prescribe a los cuatro (4) años, contados a partir de la consumación del mismo en casos de dolo, error o falsedad. Art. 1253 del Código Civil de 1930, 31 LPRA ant. sec. 3512.

En el presente caso, del expediente se desprende que la apelante incoó la acción de daños por los apelados alegadamente haber otorgado un contrato inválido mediante, de su parte, el incumplimiento contractual del Poder expedido a favor de la señora Colón López. Como hemos discutido, nuestro ordenamiento considera este tipo de reclamación como uno de daños y perjuicios contractual, por lo cual la señora Díaz Rivera tenía quince (15) años para presentar su demanda en cuanto al Poder protocolizado mediante la Escritura Núm. Setenta y Seis (76), y a su vez tenía cuatro (4) años para solicitar la nulidad de la Escritura Núm. Dos (2). Por tanto, esa causa de acción no ha prescrito y su dilucidación deberá continuar en el Tribunal apelado.

No obstante, tuvo razón el Tribunal apelado al desestimar la acción reivindicatoria al no haber la señora Díaz Rivera demostrado su

titularidad sobre la propiedad en controversia, además de los requisitos expuestos en el Artículo 821 del Código Civil de 2020, *supra*.

Por tanto, revocamos parcialmente la *Sentencia* recurrida solamente en cuanto a la prescripción de las causas de acción contractuales y la confirmamos en cuanto a la determinación de la acción reivindicatoria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones