EMILIO MEDINA BERNARD, demandante y peticionario, *v.* ADMINISTRACIÓN DE CORRECCIÓN y JUNTA DE APELACIONES DEL SISTEMA DE ADMINISTRACIÓN DE PERSONAL, demandadas y recurridas.

*Número:* CE-87-602          *Resuelto:* 29 de junio de 1990

*Emilio Medina Bernard, pro se,* peticionario; *Rafael Ortiz Carrión, Procurador General,* y *Miriam Álvarez Archilla, Procuradora General Auxiliar,* abogados de las recurridas.

## SENTENCIA

El peticionario Emilio Medina Bernard cuestiona la sentencia del Tribunal Superior, Sala de San Juan, que deniega la expedición de un recurso de revisión de la Junta de Apelaciones del Sistema de Personal (J.A.S.A.P.). J.A.S.A.P. se negó a considerar su solicitud de que era acreedor a un diferencial en el sueldo por el tiempo que actuó como Oficial Examinador, a cargo del Programa de Procedimientos Disciplinarios, en forma interina desde el 1977 hasta el 1983.

Oportunamente emitimos una orden al Procurador General de Puerto Rico para que mostrara causa por la cual no debíamos revocar la sentencia del tribunal de instancia y ordenar a J.A.S.A.P. que ofreciera al peticionario la oportunidad de presentar toda la prueba a favor de su reclamación. El Procurador General ha comparecido y estamos en posición de resolver.

## I

El peticionario, Emilio Medina Bernard, se retiró del servicio público el 15 de noviembre de 1983. En aquel momento ocupaba la

posición de Técnico Legal en la Administración de Corrección en un puesto de carrera.

Desde julio de 1977 hasta noviembre de 1983 la agencia lo utilizó como Oficial Examinador a cargo del Programa de Procedimientos Disciplinarios en forma interina. A julio de 1977 devengaba un salario de $805 y para noviembre de 1983 $1,045. El 31 de mayo de 1983, seis (6) años después de haber iniciado el interinato, el peticionario solicitó mediante carta al entonces administrador de la Administración de Corrección, Sr. Jorge Collazo, que se le concediera un diferencial en el sueldo por motivo del interinato.

Alega Medina Bernard que la posterior administradora, Lcda. Zulma Rosario, le concedió el diferencial. No obra, sin embargo, comunicación que acredite ese hecho.

Finalmente, el 2 de julio de 1986 la Administradora de Corrección, Dra. Mercedes Otero de Ramos, le denegó el diferencial solicitado siguiendo las recomendaciones de una opinión que a esos efectos emitió el Secretario de Justicia el 11 de febrero de 1986.

El 4 de agosto de 1986 el peticionario apeló esta decisión ante J.A.S.A.P. Este organismo se declaró sin jurisdicción porque según la Sec. 7.4 de la Ley de Personal de Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. secs. 1301–1431), según enmendada, carecía de potestad adjudicativa sobre la persona del apelante y la materia en controversia. Indicó, también, la improcedencia de la concesión de un diferencial por interinato por no cumplir el apelante con los requisitos mínimos del puesto, ya que el apelante no tenía *licencia para ejercer la profesión de abogado*. Además sostuvo, en la alternativa, que si el diferencial en sueldo obedecía a condiciones extraordinarias del trabajo, ello constituía una decisión administrativa de carácter discrecional.

Finalmente, J.A.S.A.P. sostuvo que la solicitud del diferencial no fue presentada a tiempo y en la apropiada forma ante la autoridad nominadora.

## II

Aunque la Ley de Personal de Servicio Público de Puerto Rico no se refiere expresamente a los casos en que una persona ya no es empleado público, hemos sostenido que J.A.S.A.P. tiene jurisdicción cuando el apelante demuestra que se le ha violado el derecho a entrar al sistema de personal y dicho derecho ha sido reclamado oportunamente. *Delgado v. D.S.C.A.*, 114 D.P.R. 177, 183 (1983); *Febres v. Feijoó*, 106 D.P.R. 676, 683 (1978).

Igual capacidad tiene un empleado que alega que se le han negado derechos adquiridos y reclamados mientras pertenecía al sistema. Negar dicho derecho contravendría el espíritu de protección también de dicha legislación. *Delgado v. D.S.C.A.*, supra.

La reclamación del peticionario Medina Bernard se originó mientras era empleado de la agencia recurrida, aunque se retiró del sistema el 15 de septiembre de 1983. El foro adecuado para ventilar su reclamación inicialmente era J.A.S.A.P. En su comparecencia ante nos, el Procurador General coincide con esta conclusión.

## III

Las reclamaciones de salarios de los empleados públicos tienen un plazo trienal para su ejercicio. *Aponte v. Srio. Hacienda, E.L.A.*, 125 D.P.R. 610 (1990). Ese término señalado en la ley impide que se le aplique la doctrina de incuria. *J.R.T. v. P.R. Telephone Co., Inc.*, 107 D.P.R. 76 (1978).

La acción de Medina Bernard no está prescrita, ya que de acuerdo con el Art. 1867 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5297, los tres (3) años se empiezan a cumplir desde que dejaran de prestarse los servicios. Los hechos reflejan que el peticionario dejó de trabajar en la Administración de Corrección el 15 de noviembre de 1983 y que apeló a J.A.S.A.P. el 17 de julio de 1986, es decir, antes de los tres (3) años.

## IV

Resta evaluar los méritos del planteamiento del aspecto discrecional que plantea el caso. No nos corresponde en esta etapa hacer esa determinación. Se devuelve el caso a J.A.S.A.P. para que dilucide este asunto en una vista evidenciaria.

*Se expide el recurso de certiorari y se revoca la sentencia del foro de instancia.*

Lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Asociado Señor Negrón García emitió opinión concurrente, a la cual se une el Juez Asociado Señor Rebollo López. La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

—O—

Opinión concurrente emitida por el Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Rebollo López.

Esta opinión se apuntala esencialmente en dos (2) postulados. El primero, que "el juez como justicia animada que es, o que debiera serlo, manifiesta en la sentencia el fruto de la labor jurídica de los que intervinieron en la cuestión, lo dicho adquiere una trascendencia que excede el marco del expediente para interesar a toda la comunidad", y el segundo, que "[l]a justicia distributiva, aquella que establece las relaciones del todo con las partes, la que regula el reparto de cargas y de honores según los méritos de cada uno, nos lleva a pensar . . . cuánto hay de injusto en esos reconocimientos burocráticos que premian por igual [más de 6] años de trabajo honrado y fecundo que a igual cantidad de tiempo dedicado a la negligencia y al fraude". J.E. Leonetti, *El llamado "mundo jurídico" y la realidad,* 1984-A Rev. Jur. Arg. La Ley 364, 366 (1984).

## I

*Antecedentes*

Emilio Medina Bernard cuestiona el dictamen del Tribunal Superior, Sala de San Juan (Hon. Ángel R. Hermida, Juez), mediante el cual se niega a revisar un decreto de la Junta de Apelaciones del Sistema de Personal (J.A.S.A.P.). Ésta resolvió que carecía de jurisdicción para entender en su apelación contra la decisión de la Administración de Corrección que se negó a darle un diferencial en sueldo por el tiempo en que actuó interinamente como Oficial Examinador a cargo del Programa de Procedimientos Disciplinarios. J.A.S.A.P. se fundó en que Medina Bernard, al momento de apelar, no ostentaba el *status* de empleado público, pues se había retirado. Además, que una vez "establecido en autos la improcedencia de la concesión de un diferencial por interinato [por no cumplir con el requisito de abogado licenciado por el Tribunal Supremo], la alternativa de un diferencial en sueldo por *condiciones extraordinarias de trabajo constitu[ía] una decisión administrativa de eminente carácter discrecional, que no fue solicitada en tiempo y forma ante la autoridad nominadora de la agencia apelada.* Por lo expuesto, y en ausencia de una alegación sobre discrimen o *abuso de discreción,* tal alternativa no e[ra] susceptible de evaluación ante es[e] foro". (Énfasis suplido.) Apéndice, pág. 8.

La sentencia de este Tribunal resuelve correctamente que J.A.S.A.P. incidió al concluir que no tenía jurisdicción. Medina Bernard fue un empleado que estuvo dentro del sistema y alega que se le han negado derechos adquiridos y reclamados mientras pertenecía al mismo. *Negarle dicho derecho contravendría el espíritu de protección que dicha legislación fomenta. Delgado v. D.S.C.A.,* 114 D.P.R. 177 (1983).

## II

*Naturaleza del reclamo; sus alegaciones*

Del escrito de apelación ante J.A.S.A.P. surge que Medina Bernard ocupaba un puesto de Técnico Legal en la Administración

de Corrección. Desde julio de 1977 hasta noviembre de 1983 fue utilizado por la agencia como Oficial Examinador y Director del Programa de Instrumentación de Reglamentación Uniforme de Procedimientos Disciplinarios para las Instituciones Penales de Puerto Rico. Ese puesto debía ser ocupado por un abogado licenciado. En el tiempo que desempeñó el cargo realizó eficientemente las labores de varios abogados cuyos puestos quedaron *vacantes*. Según alegó, *desde 1983* solicitó un diferencial de sueldo *por razón de las funciones que realizaba,* el cual le fue *aprobado* y comunicado por la entonces Administradora de Corrección, Lcda. Zulma Rosario. Como nunca se le pagó, volvió a gestionarlo y, al negársele, apeló a J.A.S.A.P.

Ante estas alegaciones, es improcedente la desestimación de su apelación sin concederle una vista. Medina Bernard nunca ha tenido la oportunidad de presentar su reclamación la cual, de su faz, es meritoria.

La Ley de Retribución Uniforme —Ley Núm. 89 de 12 de julio de 1979 (3 L.P.R.A. sec. 760 *et seq.*)— establece como política pública que los empleados del servicio público reciban "un tratamiento *equitativo* y *justo* en la fijación de sueldos y demás formas de retribución". (Énfasis suplido.) 3 L.P.R.A. sec. 760a. Visualiza la creación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales. Exposición de Motivos, Ley Núm. 89 de 12 de julio de 1979, Leyes de Puerto Rico, pág. 224; *Ortiz Ortiz v. Depto. de Hacienda,* 120 D.P.R. 216 (1987). El Art. 7 de la Ley Núm. 89, *supra,* 3 L.P.R.A. sec. 760f, autoriza *dos* (2) tipos de diferenciales. El primero, cuando el empleado ha desempeñado interinamente todas las funciones normales de un puesto de clasificación *superior* al que ocupa en propiedad por un período que exceda tres (3) meses. Para éste es necesario una designación oficial, y que el empleado reúna los requisitos mínimos fijados en el puesto. 3 L.P.R.A. sec. 760f(1); Reglamento de Retribución Uniforme, Núm. 3109, Oficina Central de Administración de Personal, 9 de junio de 1984, Sec. 4.8(11). En vista de que Medina

Bernard no tenía licencia para ejercer la abogacía, no hay duda de que no podía ser acreedor al mismo bajo esta primera modalidad.

Ahora bien, ello no enerva su reclamo. Según lo indicado, el estatuto provee un segundo tipo de diferencial "cuando la ubicación geográfica del puesto, *las condiciones extraordinarias de trabajo,* los conocimientos especiales requeridos o la dificultad extraordinaria para el reclutamiento y retención de personal en determinados puestos justifique el uso de incentivos adicionales al sueldo ordinario". (Énfasis suplido.) 3 L.P.R.A. sec. 760f(1). Véase Reglamento de Retribución Uniforme, *supra.*

Bajo este tipo de diferencial, la ausencia de licencia para el ejercicio de la abogacía no es impedimento. Superado ese obstáculo, ante su alegación de que el diferencial le fue autorizado por la Directora, licenciada Rosario, procede que le brindemos una oportunidad para sostener su versión en J.A.S.A.P. con la prueba pertinente. Para ello no sería óbice que originalmente reclamara el diferencial por interinato y no por condiciones extraordinarias de trabajo. Después de todo, la justicia no depende de las etiquetas. Lo verdaderamente determinante es la sustancia, no la invocación errónea del remedio. Regla 70 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Correa Negrón v. Pueblo,* 104 D.P.R. 286 , 293 (1975).

## III

*Inaplicabilidad de la defensa de incuria; término prescriptivo*

Reiteradamente hemos resuelto que la doctrina de incuria no aplica a las acciones civiles ordinarias con término señalado en la ley. *Aponte v. Srio. de Hacienda, E.L.A.,* 125 D.P.R. 610 (1990); *J.R.T v. P.R. Telephone Co., Inc.,* 107 D.P.R. 76 (1978); *Saavedra v. Central Coloso, Inc.,* 85 D.P.R. 421, 423 (1962); *Junta Rel. del Trabajo v. Long Const. Co.,* 73 D.P.R. 252, 253 (1952), revocada por otros motivos en *J.R.T v. P.R. Telephone Co., Inc.,* supra; *F. Rodríguez Hnos. & Co. v. Aboy,* 66 D.P.R. 525, 540 (1946).

En *Aponte v. Srio. de Hacienda, E.L.A.,* supra, decidimos, además, que las reclamaciones de salarios de los empleados

gubernamentales tienen un plazo trienal para su ejercicio. Arribamos a esa conclusión en virtud del Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297,(1) en vista de que los empleados gubernamentales están excluidos de la Ley de Salario Mínimo de Puerto Rico y no existe término prescriptivo alguno por otra legislación especial.

Con apoyo en Díez-Picazo, allí señalamos que aunque el inciso tercero del Art. 1867 del Código Civil, *supra*, sólo incluye literalmente a los menestrales, criados y jornaleros, "la prescripción trienal afecta todos los créditos, derivados de un contrato de trabajo o de servicios, como precio o remuneración de los servicios o del trabajo prestado". L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1984, pág. 208. El trabajador puede reclamar no "sólo respecto del salario en sentido estricto, sino también respecto de todas las demás prestaciones de carácter laboral". Díez-Picazo, *op. cit.*, pág. 209. Bajo esta óptica, por analogía conceptual, es evidente que el término prescriptivo de tres (3) años es de aplicación en la reclamación de un diferencial de sueldo no pagado.

Un simple cómputo aritmético es suficiente para concluir que la reclamación de Medina Bernard no está prescrita. El citado Art. 1867 del Código Civil establece que el tiempo para la prescripción de las reclamaciones de salarios se contará desde que se dejen de prestar los respectivos servicios. *Aponte v. Srio. de Hacienda, E.L.A.*, supra, pág. 622. Medina Bernard cesó

---

(1) "Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"1. La de pagar a los jueces, abogados, registradores, notarios, peritos, agentes y curiales, sus honorarios y derechos, y los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios en los asuntos a que las obligaciones se refieran.

"2. La de satisfacer a los farmacéuticos las medicinas que suministraron; a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio.

"3. *La de pagar a los menestrales, criados y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.*

"4. La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico.

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios." (Énfasis suplido.) 31 L.P.R.A. sec. 5297.

sus funciones en la Administración de Corrección el 15 de noviembre de 1983. Desde antes había reclamado el diferencial. Debido a la lentitud en los trámites internos de la agencia, no es hasta el 2 de julio de 1986 que finalmente se le niega. Diligentemente, quince (15) días después —el 17 de julio de 1986— apeló a J.A.S.A.P. Esta cronología refleja que sólo transcurrieron dos (2) años y siete (7) meses entre la fecha de retiro y la apelación a J.A.S.A.P.

## IV

*Discreción en la concesión del diferencial; sus límites*

La decisión de J.A.S.A.P. consigna que la concesión del diferencial está sujeto a la discreción de la agencia. Al examinar este extremo hemos de enfatizar que Medina Bernard alegó afirmativamente que la anterior Administración de Corrección accedió a su reclamo. Ello sería suficiente para disponer la cuestión. Ahora bien, los asertos sobre el ejercicio de la discreción administrativa requieren que expongamos, en apretada síntesis, ciertos principios rectores sobre el particular.

Debemos recordar que la discreción tiene sus límites. Es obvio que la agencia no podía negarse a conceder el diferencial en forma arbitraria y en abuso de su facultad discrecional, si en definitiva Medina Bernard ocupó por seis (6) años un puesto de jerarquía superior, desempeñándose en la dirección de un programa con gran eficiencia y productividad. "Cuando la acción no está condicionada por normas legales expresas, entramos al campo de la discreción. Así, surge el acto discrecional por ausencia o insuficiencia de la ley o porque el precepto normativo legal autoriza el ejercicio de tal discreción." R. Negrón Soto, *Discreción Judicial y Discreción Administrativa,* Año 4 (Núm. 2) Boletín Judicial 29 (1982).

Aceptamos que de ordinario la discreción administrativa es amplia y debe ser respetada por los tribunales. Sin embargo, ello no significa una abdicación en la misión de impartir justicia y, en casos apropiados, corregir cualesquiera abusos o excesos. *Pueblo*

*v. Sánchez González*, 90 D.P.R. 197, 200 (1964); *Rodríguez v. Srio. de Obras Públicas*, 86 D.P.R. 258, 265 (1962); *Debién v. Junta de Contabilidad*, 76 D.P.R. 96, 105 (1954); B. Schwartz, *Administrative Law*, 2da ed., Boston, Ed. Little, Brown and Company, 1984, Secs. 10.14–10.16. Para merecer deferencia, la discreción administrativa debe ejercerse razonablemente y en conformidad con los objetivos del estatuto.

Sobre el particular, el Profesor Jaffe nos brinda una de las mejores orientaciones:

> La discreción, tal como hemos definido el concepto, es el poder del administrador de escoger entre dos o más situaciones legales válidas. Cualquier solución se presume válida si es en el ejercicio de un poder conferido y su ejercicio es motivado por consideraciones relevantes al propósito del estatuto (o por lo menos si no es excluido por el mismo). Pero, ¿por qué sólo se presume? ¿No es tal ejercicio de poder, por definición, válido? *No necesariamente*. Los tribunales han desarrollado maneras de controlar el ejercicio de la discreción. Quizás son todos, en un sentido amplio, variantes del concepto de "abuso de discreción". Expuesto laxamente, un abuso de discreción es el ejercicio de la misma donde a una consideración relevante se le ha dado un peso exagerado e "irrazonable" a costa de otras. *La letra de la ley se observa; el espíritu ha sido violado*. La discreción implica un "balance"; cuando el resultado es excéntrico, o no ha habido un balance o quizás un motivo escondido ha estado laborando. (Traducción nuestra y énfasis suplido.) L. Jaffe, *Judicial Control of Administrative Action*, Boston, Ed. Little, Brown and Company, 1965, pág. 586.

Bajo este prisma, ciertamente debemos reconocer que la facultad discrecional para conceder un diferencial por "condiciones extraordinarias de trabajo", debe ejercitarse en armonía con el propósito legislativo básico encarnado en el Art. 7 de la Ley de Retribución Uniforme, 3 L.P.R.A. sec. 760f, a saber, *conceder un tratamiento equitativo y justo* en la fijación de sueldos y demás formas de retribución. Por tal razón, su determinación tampoco puede confligir con el *principio de mérito* de la Ley de Personal del Servicio Público, 3 L.P.R.A. secs. 1301–1431, que tiene entre sus objetivos "[l]ograr que la administración pública se rija por criterios de la *mayor uniformidad, equidad y Justicia*". (Énfasis

suplido.) 3 L.P.R.A. sec. 1312(1). Véase *Ortiz Ortiz v. Depto. de Hacienda*, supra.

En resumen, el peticionario Medina Bernard nos presenta, inicialmente, una situación meritoria y de peso suficiente susceptible de considerarse de acuerdo con el concepto de condiciones extraordinarias de trabajo. Si aspiramos a lograr cumplida justicia, la evaluación en sus méritos de sus alegaciones y la determinación de si la Administración de Corrección abusó de discreción al denegar el diferencial es un imperativo decisorio.[2]

Coincidimos, pues, con la revocación de la sentencia del Tribunal Superior, Sala de San Juan, y con las instrucciones de devolver el caso nuevamente a la jurisdicción de J.A.S.A.P. para que lo considere en sus méritos.

---

[2] Aun cuando el Reglamento de Retribución Uniforme Núm. 3109 de la Oficina Central de Administración de Personal de 9 de junio de 1984, establece como norma "general" que los diferenciales de sueldo tendrán carácter prospectivo, la ley no prohíbe su concesión retroactiva. Ello sería sólo uno de los múltiples factores pertinentes a ponderar en la determinación sobre su procedencia.

En el caso de *O'Farrill v. OCAP*, Q-82-145, J.A.S.A.P. el 13 de abril de 1983 resolvió que la norma de OCAP de no aprobar automáticamente diferenciales de sueldo que tengan impacto retroactivo era "arbitraria, irrazonable y perjudicial a los mejores intereses de los empleados públicos, ello, a la luz del principio de mérito".