Rivera Pérez, Juez Ponente
*1096 TEXTO COMPLETO DE LA RESOLUCION
El presente recurso de revisión nos plantea si un empleado de carrera que ocupa interinamente un puesto de confianza de Director de Area en una agencia administrativa, por ser el Sub-director de la misma, puede reclamar el correspondiente diferencial en sueldo por el tiempo que estuvo desempeñándose en tal capacidad, aunque no haya mediado una designación expresá del Director Ejecutivo de la agencia para que se desempeñara en tal capacidad. Se expide el auto solicitado y se revoca la resolución recurrida.
I
El señor Juan José Torres, apelante ante el Comité de Apelaciones de la Autoridad de Carreteras y Transportación de Puerto Rico y aquí recurrente, es un empleado de carrera de la Autoridad de Carreteras y Transportación de Puerto Rico, de ahora en adelante Autoridad.
La posición de Director de la Oficina de Auditoría Interna de la Autoridad de Carreteras y Transportación es uno de confianza. Tal posición quedó vacante el 28 de febrero de 1994, por renuncia de su incumbente para acogerse a la jubilación. El aquí peticionario nos plantea que desde el 1 de marzo de 1994 asumió la dirección interina de la Oficina de Auditoría Interna como parte de sus funciones de sustituir al Director de dicha oficina en caso de ausencia. Se desempeñó en tal posición por espacio de catorce (14) meses, a partir de esa fecha.
El recurrente solicitó se le pagara un diferencial en sueldo, equivalente a la diferencia entre el sueldo básico de Sub-director de la Oficina de Auditoría Interna y el sueldo básico del puesto de Director de esa oficina, por el período de tiempo en que se desempeñó interinamente en tal capacidad. La Autoridad se negó a pagar el referido diferencial en sueldo. Adujo como argumento para denegar tal solicitud, que nunca medió una designación expresa del Director Ejecutivo para que el recurrente se desempeñara en tal capacidad.
El aquí recurrente presentó apelación ante el Comité de Apelaciones de la Autoridad, y éste acogió la posición de la agencia y declaró sin lugar tal apelación.
El recurso de revisión ante nos fue presentado ante el Tribunal de Primera Instancia, Sala Superior de San Juan, el 26 de abril de 1996. Fue referido a este Tribunal el 17 de mayo de 1996. Este panel lo recibió para su atención y resolución el 4 de diciembre de 1996. El 24 de enero de 1997 emitimos resolución, notificada a las partes el 7 de febrero de 1997, por virtud de la cual le concedimos a la Autoridad veinte (20) días para mostrar causa por la cual no se debía revocar la resolución recurrida y ordenar el pago del diferencial en sueldo solicitado. Al día de hoy, no consta de nuestro expediente comparecencia alguna de la Autoridad para mostrar causa.
II
¿Está obligada la Autoridad a pagarle un diferencial en sueldo al aquí recurrente por su interinato durante catorce (14) meses como Director de la Oficina de Auditoría Interna, al amparo de lo dispuesto en el inciso (4) de la sección 14.3 del Reglamento Gerencia! de la Autoridad de Carreteras y Transportación de Puerto Rico? Creemos que así es. La agencia no está eximida de pagar tal diferencial en sueldo por no haberse designado expresamente al aquí recurrente a ese puesto interinamente por el Director Ejecutivo de la Autoridad, cuando permitió tal interinato por un prolongado e indefinido plazo de tiempo.
La Ley Número 74 del 23 de junio de 1965, según enmendada por la Ley Número 112 del 21 de junio de 1968, conocida como Ley de la Autoridad de Carreteras de Puerto Rico dispone en su artículo 7(a) lo siguiente:

*1097
"(a) Los nombramientos, separaciones, ascensos, traslados, ceses, reposiciones, suspensiones, licencias y cambios de categoría, remuneración o título de los funcionarios y empleados de la Autoridad se harán o permitirán de acuerdo con normas y reglamentos aprobados por la Autoridad en consulta con el Director de la Oficina de Personal conducente al establecimiento de un plan general análogo, en tanto en cuanto la Autoridad lo estime compatible con los mejores intereses de la Autoridad, de sus empleados y de sus servicios al público, al que pueda estar en vigor para los empleados del Estado Libre Asociado. Los funcionarios y empleados de la Autoridad tendrán derecho al reembolso de los gastos de viaje necesarios o en su lugar a las dietas correspondientes que sean autorizadas por reglamentos aprobados por la Autoridad. Los funcionarios y empleados de cualquier Junta, Comisión, Agencia, Instrumentalidad o Corporación Pública, o Departamento del Estado Libre Asociado que sean nombrados por la Autoridad, quienes al momento de su nombramiento fueran beneficiarios de cualquier sistema de retiro o cualquier plan de ahorro y préstamos continuarán teniendo después de dicho nombramiento los derechos, privilegios, obligaciones y status respecto a los mismos, que la ley prescribe para los funcionarios y empleados que ocupan posiciones similares en el Gobierno del Estado Libre Asociado."

La sección 14.3, inciso 4, del Reglamento de Personal Gerencial de la Autoridad de Carreteras y Transportación de Puerto Rico dispone lo siguiente:

4. "Cuando un funcionario o empleado, que no sea Sub-director de Area u Oficina sustituya a un funcionario de clasificación superior por un período mayor de diez (10) días, tendrá derecho al pago de un diferencial. Este será igual a la diferencia entre el sueldo básico de su puesto regular y el sueldo básico del puesto que ocupa interinamente. Los Sub-directores de Area u Oficina tendrán derecho a dicho pago cuando exista un puesto vacante de clasificación superior de carácter consecutivo y prolongado y la designación sea efectuada por el Director Ejecutivo de forma indefinida."

Una agencia administrativa viene obligada a observar estrictamente sus propios reglamentos, no pudiendo quedar a su voluntad el reconocer o no los derechos que ella misma le ha extendido por reglamento a sus empleados. 
La Autoridad denegó la solicitud del aquí peticionario del pago del diferencial en sueldo, porque el Director Ejecutivo de la agencia no había realizado una designación expresa para que el aquí recurrente ocupara interinamente tal posición. El Comité de Apelaciones de la Autoridad concluyó de la misma forma. Sin embargo, la sección 14.3, inciso (4), del Reglamento de Personal de la Autoridad, supra, no dispone que la designación tenga que ser expresa. Dispone la precitada sección del reglamento que los Sub-directores de Area tendrán derecho a dicho pago cuando exista un puesto vacante de carácter consecutivo y prolongado y la designación efectuada por el Director Ejecutivo sea efectuada de forma indefinida. No cabe la menor duda de que el aquí recurrente no ocupó la posición de Director de la Oficina de Auditoría Interna en forma interina, en ocasión de ausencias de la persona que ocupaba en propiedad la misma. Tal situación parte de la premisa que la posición estaba ocupada por una persona. Esa no es la situación de autos. La posición de confianza estaba vacante y el aquí recurrente la ocupó por catorce (14) meses a ciencia y paciencia del Director Ejecutivo de la Autoridad. De otra forma, la oficina hubiese quedado como nave sin rumbo y capitán que la dirigiera. Concluimos que al permitir el Director Ejecutivo de la agencia que tal persona ocupara esa posición de confianza, de funciones consecutivas y prolongadas, por un período de tiempo indefinido, tuvo el efecto de que éste adquiriera los derechos dispuestos por tal sección del reglamento, como si hubiese sido designado oficialmente para tal posición.
Los puestos comprendidos en el servicio de confiaza constituyen el mecanismo, básico y esencial para que el Director Ejecutivo administre la agencia, con conocimiento de causa, a través de su más inmediato equipo de trabajo. Su deber y responsabilidad es seleccionar las personas que han de ocupar ese equipo de trabajo. El Reglamento de Personal, supra, no le ha otorgado la facultad al Director Ejecutivo de la agencia para mantener esa plaza vacante, en forma indefinida, ocupada interinamente por el Sub-director de la oficina con su conocimiento, sin reconocerle los derechos que tal interinato comprende. La posición de Director de la Oficina de Auditoría Interna es una de confianza que le responde directamente al Director Ejecutivo de la agencia. Mantener al aquí peticionario en forma interina en dicha posición por catorce (14) meses, bajo las circunstancias particulares de este caso, *1098 tuvo el efecto de una designación tácita para desempeñarse en tal cargo. Concluir lo contrario equivaldría a violentar el reconocido principio de mérito en su vertiente de compensación justa y adecuada, y el principio constitucional de igual paga por igual trabajo. 
m
Por los fundamentos antes expuestos, se expide el auto y se revoca la resolución recurrida. Se ordena a la Autoridad de Carreteras y Transportación de Puerto Rico pagarle al aquí recurrente, señor Juan José Torres, el diferencial por él solicitado y contemplado en la sección 14.3, inciso 4, del Reglamento de Personal, supra, de esa agencia.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 63
1. 9 L.P.R.A. § 2007.
2. Reglamento Número 2-005, aprobado el 6 de agosto de 1992.
3. García Cabán v. U.P.R., 120 D.P.R. 167 (1987); Díaz de Llovet v. Gobernador, 112 D.P.R. 747 (1987); García v. Adm. del Derecho al Trabajo, 108 D.P.R. 47 (1978); Hernández García v J.R.T., 94 D.P.R. 22 (1967).
4. Medina Bernard v. Administración de Corrección, 126 D.P.R. 800 (1990), opinión concurrente emitida por el honorable Antonio Negrón García, a la cual se unió el honorable Francisco Rebollo López; Ortiz Ortiz v. Depto. de Hacienda, 120 D.P.R. 216 (1987).